343 So.2d 363 (1977)
Grace B. Adams, wife of/and William ADAMS
v.
NEW ORLEANS BLOOD-BANK, INC. and Touro Infirmary.
No. 7856.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Rehearing Denied March 15, 1977.
*364 Barranger, Barranger, Jones & Fussell, Garic Kenneth Barranger, Covington, for plaintiff-appellant.
Henderson, Hanemann & Morris, Robert L. Morris, Houma, Adams & Reese, Harold A. Thomas, New Orleans, Joseph J. Weigand, Jr., Houma, Christopher B. Siegrist, Metairie, Lemle, Kelleher, Kohlmeyer & Matthews, William S. Penick, William J. Guste, Jr., Atty. Gen., Joseph W. Thomas, Staff Atty., New Orleans, for defendantsappellees.
Before GULOTTA, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
This is an appeal from a judgment of the district court sustaining defendants' motion to strike paragraph 6 of plaintiffs' original petition and paragraph IV of plaintiffs' supplemental petition insofar as they relate to any claims based upon express or implied warranty and striking paragraphs 8 and 9 of plaintiffs' original petition.
Plaintiffs filed this suit for damages. They allege that Grace B. Adams contracted serum hepatitis as a result of post operative blood transfusions administered to her at the Touro Infirmary. Plaintiffs' suit is couched in terms of warranty, strict liability and traditional negligence. The issue as to the latter ground as a cause of action is not before us. It is, therefore, unnecessary to set forth verbatim the portion of the allegations of plaintiffs' petitions ordered stricken which in effect relate to express or implied warranty and the allegations of paragraph 8 of plaintiffs' original petition alleging strict liability as a cause of action and paragraph 9 which alleges the unconstitutionality of LSA-R.C.C. Article 1764 B.
A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action. See LSA-C.C.P. Article 964. The technical name given to a motion is, however, of little importance. See LSA-C.C.P. Article 962. We treat the motion to strike as an exception of no cause of action to a portion of plaintiffs' petition.
Plaintiffs' petition fails to state a cause of action in warranty or strict liability. The attack on the constitutionality of LSA-R.C.C. 1764 B is without merit. See Juneau v. Interstate Blood Bank of Louisiana, 333 So.2d 354 (La.App. 3 Cir. 1976), writ denied, 337 So.2d 220 (La.1976); Koppenol v. St. Tammany Parish Hospital, 341 So.2d 1242 (La.App. 1 Cir. 1976).
The judgment appealed is affirmed.
All costs relating to the instant proceedings are assessed against plaintiffs. All other costs are to await a final determination on the merits.
AFFIRMED.