FRED W. JONES, Jr., Judge.
In this application for supervisory writs plaintiff seeks to have vacated an order of the trial court denying her a civil jury trial.
The following chronology of pleadings and court orders places in proper perspective the central issue confronting us:
July 18, 1979 — Plaintiffs, husband and wife, file medical malpractice action against defendants.
Dec. 21, 1979 — Defendants file answer.
April 25, 1980 — With leave of court, plaintiffs file supplemental and amending petition, joining two additional de *953 fendants and requesting a jury trial. Case placed on civil jury docket.
July 1, 1980 — Defendants answer supplemental and amending petition.
Nov. 26, 1980 — Defendants file motion to assign case for trial on merits.
Dee. 19, 1980 — Judge Norris orders plaintiffs to post bond in amount of $1500 within 30 days to cover cost of civil jury trial.
Jan. 21, 1981 — Judge Hightower orders case removed from civil jury docket and placed on docket for non-jury cases because motion for assignment of trial on merits had been filed and plaintiffs failed to post bond within prescribed time limit.
Feb. 20, 1981 — Plaintiff wife files second supplemental and amending petition asking that divorced husband be eliminated as party plaintiff, for increase in damages, for a civil jury trial and for permission to proceed in forma pauper-is. Judge Farr signs order allowing the filing of this pleading, but lines out the portion allowing a civil jury trial, adding this explanatory notation: “The Court declines to order jury trial, holding this amendment does not raise a new issue and plaintiff has previously lost her right to jury trial by failing to post security as required.”
March 6, 1981 — Plaintiff applies to this court for supervisory writs.
We find that the Louisiana Supreme Court case of Barberito v. Green, 275 So.2d 407 (La.1973), is dispositive of the primary question raised here. There the original petition for damages was filed on July 28, 1969 and was supplemented and amended with leave of court on October 20, 1971 to request an increase in damages. Answer to the supplemental petition was filed on November 18, 1971. Motion for jury trial was filed on November 22,1971. Agreeing with the defendants that the supplemental petition asking for an increase in damages did not raise a new issue, the trial judge refused to sign the order for a jury trial.
Reversing the lower court, the Supreme Court held that under Louisiana C.C.P. Article 1732 the motion for jury trial was timely because it was filed within ten days after service of the last pleading (answer) directed to an issue (damages) and that the latter did not have to be a new issue. It was pointed out that a trial judge may prevent abuse of this means of securing a civil jury trial by disallowing the filing of a supplemental and amending pleading if it is patently designed to circumvent the ten day limitation prescribed by Article 1732.
In our case the trial judge signed the order permitting the filing of the supplemental and amending petition, which included a request for an increase in damages (an issue). Under the reasoning of Barberi-to, plaintiff could have timely filed a motion for civil jury trial within ten days after defendants answered this second supplemental and amending petition. However, rather than waiting for the filing of this responsive pleading, plaintiff included a request for a civil jury trial in the body of the supplemental and amending petition. This was clearly timely under Barberito and the trial judge erred in deleting that portion of the order relating to a civil jury trial.
For these reasons, IT IS ORDERED that plaintiff-applicant’s request for a writ of certiorari be granted, that the order of the trial judge denying plaintiff a civil jury trial be vacated and that the case be returned to the lower court’s civil jury docket. Costs of this writ proceeding are assessed to respondents.