587 So.2d 750 (1991)
Hattie M. HOLMES
v.
The GREAT ATLANTIC AND PACIFIC TEA CO. d/b/a A & P Food Store.
No. 91-CA-0854.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1991.
Rehearing Denied November 13, 1991.
*751 Gothard J. Reck, Uhalt and Reck, New Orleans, for plaintiff/appellant.
Robert E. Peyton, Elizabeth S. Cordes, Christovich & Kearney, New Orleans, for defendants/appellees.
Before SCHOTT, C.J., and LOBRANO and WILLIAMS, JJ.
LOBRANO, Judge.
Plaintiff, Hattie M. Holmes appeals the dismissal of her supplemental petition against Willie J. Bolling on an exception of no cause of action, and the granting of the Great Atlantic and Pacific Tea Co. Inc.'s (A & P) motion to strike her request for trial by jury.
FACTS:
Plaintiff's original and supplemental and amended petitions set forth the following assumed facts.
On August 30, 1988, Holmes slipped and fell in water and/or a plum or other foreign substance while shopping in the A & P food store located at 3233 Magazine Street, New Orleans, Louisiana. Holmes sustained severe contusions to both knees requiring surgery to the left knee; a sprain to the left wrist and other injuries resulting in medical expenses, lost wages, physical and mental pain and suffering and permanent disability. The sole proximate cause of Holmes' accident was the negligence of A & P and its store manager, Willie Bolling, in the following non-exclusive particulars:
1) Failing to use reasonable and ordinary care in keeping the aisles free of foreign substances;
2) Failing to make regular and periodic checks to assure that the aisles of the store were kept free of foreign substances;
3) Failing to remove foreign substances from the floor of the store after being made aware of their presence;
4) Disregarding the safety of customers shopping in the store;
5) Other acts of commission and omission which will be shown at the trial of this cause.
The original petition was filed against A & P. The supplemental and amended petition added Bolling as a defendant and requested trial by jury against both A & P and Bolling.
On July 17, 1990, Bolling filed a peremptory exception of no cause of action asserting that, as A & P's employee, he had no duty to Holmes and thus there could be no cause of action against him. In support, he argued that La.R.S. 9:2800.6 provides a store customer a remedy against only the store owner. A & P filed a motion to strike Holmes' request for trial by jury asserting that Holmes filed the supplemental petition solely for the purpose of circumventing the time limitations imposed by Code of Civil Procedure Article 1733. Both were granted on November 16, 1990.[1]
In his reasons for judgment the trial court stated:
"Under Article 1733 of the Louisiana Code of Civil Procedure, a pleading demanding a trial by jury shall be filed not later than ten days after the service of the last pleading directed to any issue triable by a jury. The court finds that Bolling owed no duty to the plaintiff and, therefore, no cause of action has been stated in plaintiff's First Supplemental and Amended Petition. Because the petition states no cause of action, the demand for trial by jury was not timely."

EXCEPTION OF NO CAUSE OF ACTION:
The exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception. C.C.Pro. Art. 931. All well pleaded allegations of the petition must be assumed as true, and any doubt should be resolved in favor of the petition. Darville v. Texaco, 447 So.2d 473 (La.1984); Barnett v. Develle, 289 So.2d 129 (La.1974). The exception tests *752 the legal sufficiency of the petition, and, as such, questions whether the law affords any remedy to the plaintiff under the allegations of its petition. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Scariano Brothers, Inc. v. Hammond Construction, 428 So.2d 564 (La.App. 4th Cir. 1983). Thus, the issue for review is whether the law affords Holmes a remedy against Bolling, A & P's employee, for his alleged negligence in causing Holmes' injuries.
Civil Code Articles 2315 and 2316 are the source provisions for all tort actions based on a claim of negligence. Since the decision of Canter v. Koehring Company, 283 So.2d 716 (La.1973), the jurisprudence has been settled that an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship. That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a cause of action against the employee. H.B. "Buster" Hughes, Inc. v. Bernard, 318 So.2d 9 (La. 1975). Whether a breach of a delegated duty by an employee gives rise to personal liability on his part must be determined after trial on the merits and in accordance with the factors set out in Canter v. Koehring Company, supra. In the instant case, however, we need only determine if the factual allegations support a cause of action against Bolling. We hold that they do.
Bolling asserts that La.R.S. 9:2800.6(A)[2] statutorily provides that the exclusive duty owed to a customer injured on the merchant's premises is owed by the merchant and not by the merchant's employees. Bolling contends that since the responsibilities of the employees are discussed only with respect to the evidentiary burden of the merchant, this infers a specific intention on the part of the legislature not to create a personal duty on the part of employees.
This interpretation of R.S. 9:2800.6 is unfounded. Although Section A defines the duty owed by the merchant, the language of the statute in no way creates an exclusive remedy that preempts claims against the merchant's employees who may also be at fault.
La.R.S. 9:2800.6 was enacted to counteract the merchant's burden of proof requirement established by the Supreme Court in McCardie v. Wal Mart Stores, Inc., 511 So.2d 1134 (La.1987).[3] Section "C" of the 1988 statute lessens the burden by requiring only the testimony of employees shown to have actually created the hazardous condition and those whose job responsibilities include inspection or cleanup of the area where the accident occurred. See, Laborde v. Winn Dixie Louisiana, Inc., 563 So.2d 994 (La.App. 4th Cir.1990), writ den., 568 So.2d 1062 (La.1990); Crowther v. K-Mart *753 Corporation, 568 So.2d 669 (La.App. 4th Cir.1990), writ den. 571 So.2d 656 (La.1990).
We conclude that the statute does not create an exclusive remedy against the store owner. We hold that the allegations of Holmes' supplemental petition state a cause of action against Bolling.

TRIAL BY JURY:
A & P asserts the trial judge properly found that Holmes' supplemental and amending petition was filed for the sole purpose of circumventing the time limitations imposed by Code of Civil Procedure Article 1733.[4] The trial court's reasons for judgment make no such finding. Rather, the trial court found that since Holmes' supplemental and amended petition failed to state a cause of action, her request for trial by jury was not timely filed. Since we have determined that a cause of action has been asserted, we also hold that Holmes' request for trial by jury was properly filed. See, Barberito v. Green, 275 So.2d 407 (La.1973); Trichel v. Caire, 395 So.2d 952 (La.App. 2nd Cir.1981), writ den. 399 So.2d 623 (1981).
For the foregoing reasons, the judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion. All costs of this appeal to be paid by appellees.
REVERSED AND REMANDED.
NOTES
[1] Bolling also filed a peremptory exception of no right of action which was denied.
[2] At the time of Holmes' accident, La.R.S. 9:2800.6 read as follows:

"Sec. 2800.6. Liability of a merchant for injuries sustained by a person while on the premises of the merchant
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a suit for damages by a person who has suffered damages as the result of a hazardous condition while on the merchant's premises, the person must prove that the accident was caused by a hazardous condition. The burden of proof then shifts to the merchant to prove that he acted in a reasonably prudent manner in exercising the duty of care he owed to the person to keep the premises free of any hazardous conditions.
C. In exculpating himself from liability under this Subsection, the merchant need not introduce the testimony of every employee of the merchant or any particular proportion thereof, but is only required to introduce the testimony of any employee shown to have actually created the hazardous condition and those employees and management personnel whose job responsibilities included inspection or cleanup of the area where the accident giving rise to the damages occurred.
D. `Merchant' means one whose business is to sell, goods, foods, wares, or merchandise at a fixed place of business."
This statute was amended in 1990. However the amended versoin is not applicable to the instant case.
[3] In McCardie, the court concluded that Wal Mart did not meet its burden of proof because it failed to prove that none of its employees caused the spill which precipitated the injury.
[4] La.C.C.Pro. Art. 1733 provides in pertinent part:

"C. The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for trial by jury." (emphasis added).