Louis FREEMAN and Carolyn Sue Freeman

v.

WAL–MART STORES, INC. and Randy Adams.

Civ. A. No. 91–1625.

United States District Court, W.D. Louisiana, Lake Charles Division.

Oct. 23, 1991.

Robert Carroll McCall, Lake Charles, La., for plaintiffs.

Rudie Ray Soileau, Jr., Lake Charles, La., for defendants.

## MEMORANDUM RULING GRANTING MOTION TO REMAND

EDWIN F. HUNTER, Jr., Senior District Judge.

The pending Motion to Remand confronts us again with the question as to when and under what circumstances may personal (as contrasted with technical or vicarious) fault be imposed upon the manager and supervisor of a store under Louisiana law. After reviewing the pleadings, memoranda, the record and the perceptive analysis of the issue by Judge Tate in *Canter v. Koehring*

*Company,* 283 So.2d 716, reh. den. (La. 1973)—the motion to remand is granted.[1]

The facts of the present litigation reveal:

Plaintiffs filed this suit in the State District Court on June 28, 1991 for personal injuries sustained on September 25, 1990 when Louis Freeman slipped and fell on a plastic tie-down while shopping in the Wal–Mart Store in Sulphur, Louisiana. Wal–Mart, a foreign corporation authorized to do business in the State of Louisiana, and Randy Adams ("Adams"), a Louisiana resident and manager of the store, were named as defendants. Wal–Mart timely filed its Notice of Removal on August 2, 1991, pursuant to 28 U.S.C. § 1332. Wal–Mart asserts that plaintiff's petition does not state a cause of action under Louisiana law against Adams. If this assertion is correct, the joinder of Adams as a party defendant is improper. The issue quickly narrows. The plaintiffs' petition fashions the following allegations:

"3. The aforesaid accident was ... due solely and proximately to the negligence of defendant, Wal–Mart Stores, Inc., and/or its *employees,* which negligence includes but is not limited to the following:

  a. Failing to properly inspect and maintain the store aisles located in the Wal–Mart Store, free of defective conditions, such as those Louis Freeman slipped on;

  b. Failing to properly instruct the Wal–Mart Store employees on how to properly maintain the premises;

  c. Creating a hazardous condition by leaving a broken tie on the floor;

  d. Failing to see what the Wal–Mart Store employees and/or agents should have seen and do what they should have done;

  e. ...

4. Defendant, Randy Adams, acting as manager and supervisor of the Wal–Mart Store located on Cities Service Highway, Sulphur, Calcasieu Parish, Louisiana, failed to adequately supervise and manage his employees."

Does this suffice to state a cause of action? Reference to state jurisprudence requires an affirmative answer.

## LAW

We have been cautioned by the Fifth Circuit against pretrying a case to determine removal jurisdiction. In a remand motion, the removing party bears the burden of showing that Federal jurisdiction exists. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). The party seeking removal must demonstrate that either plaintiff has no possibility of recovering against the party whose joinder is questioned or that plaintiff fraudulently pleaded the jurisdictional facts. *Laughlin v. Prudential Inc. Co.,* 882 F.2d 187, 190 (5th Cir.1989).

Remand v. Removal (as here) often turns upon the degree of specificity with which the plaintiff identifies the store manager's involvement. *This is not always the answer.* The Fifth Circuit expressly approved consideration of evidence outside of the pleadings:

In support of their removal petition, the defendants may submit affidavits and deposition transcripts; and in support of their motion for remand, the plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981).

The issue was again addressed in *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990):

The standard for judging fraudulent joinder claims of this sort is clearly established in this circuit: After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has

---

1. This court previously declined to remand in a case very similar to the present one. Further analysis has persuaded me that the refusal to remand in that case was premised on an incorrect interpretation of Louisiana law. This conclusion is reinforced by *Holmes v. A & P Food Store,* 587 So.2d 750 (La.App. 4th Cir.1991).

any possibility of recovery against the party whose joinder is questioned.

In the present suit, no affidavits or depositions have been filed.

The leading Louisiana case is *Canter v. Koehring Company,* Supra, 283 So.2d at 721–726,[2] which held:

"personal liability cannot be imposed on the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm."

The personal (as contrasted with technical or vicarious fault) is concisely articulated in *H.B. "Buster" Hughes, Inc. v. Bernard,* 355 So.2d 1027 (La.App. 4th Cir. 1978), wherein Justice Calogero, speaking for the Court, noted:

The law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a per-sonal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation. Article 2315 Civil Code; *Canter v. Koehring Company,* La. 283 So.2d 716 (1973); 3 Fletcher Cyclopedia of the Law of Private Corporations, Section 1135; 19 Am.Jr.2d, Corporations, Section 1382." 318 So.2d 9 at 12 (La.1975). (underscoring ours)

On September 27, 1991, the Fourth Circuit Court of Louisiana handed down a decision which parallels the case now before us. See *Holmes v. A & P Food Store,* 587 So.2d 750 (La.App. 4th Cir.1991).

In *Holmes,* the plaintiff slipped and fell in water and/or a plum or other foreign substance while shopping in A & P food store. The plaintiff alleged in his petition that the sole proximate cause of plaintiff's accident was the negligence of A & P food store and its store manager in the following non-exclusive particulars:

1) Failing to use reasonable and ordinary care in keeping the aisles free of foreign substances;

2) Failing to make regular and periodic checks to assure that the aisles of the store were kept free of foreign substances;

3) Failing to remove foreign substances from the floor of the store after being made aware of their presence;

4) Disregarding the safety of customers shopping in the store;

5) Other acts of commission and omission which will be shown at the trial of this cause.

The court in *Holmes* stated that "whether a breach of a delegated duty by an employee gives rise to personal liability on his part must be determined after trial on the merits and in accordance with the factors set out in *Canter v. Koehring Company,* supra." Id. at 752. The court in *Holmes* held that they did.[3]

■ Did Adams breach an independent, personal duty to the plaintiffs which resulted in Freeman's injuries? This is to be determined by the state court. He was the manager and supervisor of the store. Plaintiffs' petition state a cause of action against Adams individually, irrespective of the probabilities of ultimate success. The duty was personal, as contrasted with tech-

**2.** See, also *Esco v. Smith,* 468 So.2d 1169 (La. 1985); *Brown v. White,* 430 So.2d 16 (La.1982); *Raley v. Carter,* 401 So.2d 1006 (La.App. 1st Cir.1981); *Hadrick v. Diaz,* 302 So.2d 345 (La. App. 1st Cir.1974).

**3.** For other decisions where petition alleged enough to met *Canter* test see *Esco v. Smith,* 468 So.2d 1169 (La.1985); *Scariano Bros v. Hammond Construction,* 428 So.2d 564 (La.App. 4th Cir.1983).

nical or vicarious. This Court must construe plaintiffs' factual allegations "in the light most favorable to the plaintiff, resolving all contested issues of substantiative fact in favor of the plaintiff." *Laughlin,* supra, at 190.

The defendant cites *Canter* as reflecting its position. We note that in *Canter,* Judge Tate held that there was a duty imposed upon the defendant solely because of the employment and that the breach of that duty makes him individually liable.

Conclusion

Plaintiffs' Motion to Remand to the Fourteenth Judicial District for the Parish of Calcasieu, State of Louisiana, is GRANTED.

THUS DONE AND SIGNED.