hLOBRANO, Judge.
Plaintiff, Gerald Lopinto, Jr., appeals a trial court judgment granting exceptions of no cause of action and prescription filed by defendant Robert Glass and dismissing plaintiffs suit against that defendant. We affirm.
On May 4, 1990, Gerald Lopinto, Jr. and Frank Gilmore were charged with arson with intent to defraud, a violation of LSA-R.S. 14:53. Gilmore pled guilty as charged. Lo-pinto was tried by a jury and found guilty as charged. His conviction was affirmed by this court in State v. Lopinto, 619 So.2d 686 (La.App. 4th Cir.1993).
At Lopinto’s trial on November 12, 1991, Gilmore was called to testify against Lopinto. Gilmore’s court-appointed attorney was not present on that date to advise Gilmore of his constitutional rights. The trial judge appointed Robert Glass to act as substitute counsel for Gilmore on that date. According to Glass, Gilmore did not want to testify so Glass advised him to invoke his Fifth Amendment privilege. The trial judge ordered Gilmore to testify after finding the Fifth Amendment privilege inapplicable due to Gilmore’s guilty plea. This consultation with Gilmore as to his Fifth Amendment rights was the extent of Glass’ representation of Gilmore.
On September 13, 1993, Lopinto filed a petition for damages for malicious misrepresentation and conspiracy against his court-appointed attorney, Rick Tessier; Tessier’s employer, the Orleans Indigent Defender Program; his substitute counsel on November 12, 1991, Robert Glass; and the Louisiana State Bar Association. In his petition, Lopinto alleged that the defendants manipulated Gilmore into accepting the plea bargain |2and conspired to force Gilmore into giving false testimony which was used to convict Lopinto by threatening Gilmore with prosecution in federal court if he refused.
Glass filed peremptory exceptions of prescription and no cause of action. He argued that Lopinto’s action against him was barred *1162 by prescription under LSA-C.C. art. 3492 which provides that delictual actions are subject to a liberative prescription of one year. According to Glass, because Lopinto claims that he was harmed as a result of Glass’ representation of Gilmore on November 12, 1991, his lawsuit filed on September 13, 1993 was barred by prescription. In support of his exception of no cause of action, Glass cites Penalber v. Blount, 550 So.2d 577 (La.1989) in which the Louisiana Supreme Court held that an attorney does not owe a legal duty to his client’s adversary when acting in his Ghent’s behalf. The Court stressed that an attorney’s duty is to zealously represent his own client.
The trial judge maintained Glass’ exceptions of prescription and no cause of action. Lopinto appeals that judgment.

EXCEPTION OF NO CAUSE OF ACTION

In Charla v. Hulse, 619 So.2d 1099 (La. App. 4th Cir.1993), this court summarized the law with regard to exceptions of no cause of action as follows:
“The exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception. C.C.Pro. Art. 931. All well pleaded allegations of the petition and any annexed documents must be assumed as true, and any doubt should be resolved in favor of the petition. Kuebler v. Martin, 578 So.2d 113 (La.1991); Darville v. Texaco, 447 So.2d 473 (La.1984); Barnett v. Develle, 289 So.2d 129 (La.1974). (footnote omitted)
The exception tests the legal sufficiency of the petition. It questions whether the law affords any remedy to plaintiff under the allegations of her petition. Kuebler, supra; Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Holmes v. Great Atlantic & Pacific Tea Co., 587 So.2d 750 (La.App. 4th Cir.1991), writ denied, 592 So.2d 412 (La.1992). The exception must be overruled if the petition states a cause of action on any ground or portion of the demand. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988).
In Penalber v. Blount, supra, the Louisiana Supreme Court stated that an attorney does not owe a duty to his client’s adversary when acting in his client’s behalf and, latherefore, a non-client generally cannot hold his adversary’s attorney personally liable for either malpractice or negligent breach of a professional obligation. However, an attorney may be held personally accountable to a non-client for intentional tortious conduct which the Louisiana Supreme Court has defined as an intent to bring about a result which will invade the interests of another in a way that the law forbids. Id. at 582, citing Caudle v. Betts, 512 So.2d 389 (La.1987).
After reviewing Lopinto’s petition, we find that he failed to set forth any allegations showing that Glass took any action to invade the interests of Lopinto in a way that the law forbids. Even if we accept as true Lopinto’s allegation that Glass told Gilmore that if he changed his statement, he could be prosecuted for perjury or prosecuted in federal court for the crime to which he pled guilty in state court, such advice would not constitute an intent to invade the interests of Lopinto in a way that the law forbids. Rather, an attorney who advises his client of the possible consequences of committing perjury is doing his job by protecting that client.
In view of the holding in Penalber v. Blount, supra, we find that the allegations of Lopinto’s petition do not state a cause of action against Robert Glass. Accordingly, we conclude that the trial judge correctly maintained Glass’ exception of no cause of action.[1] Because we affirm on this issue, it is unnecessary to discuss prescription.
*1163 For the above reasons, the trial court judgment is affirmed.
AFFIRMED.

. LSA-C.C.P. art. 934 states that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. That article also states that if the grounds of the objection cannot be removed, the action shall be dismissed. Because we conclude that Lopinto cannot state a cause of action against Glass, we are not ordering an amendment of the petition. An amendment of the petition would be pointless for the additional reason that this matter has prescribed.