671 So.2d 983 (1996)
Nora WALKER
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 95-CA-1934.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*985 Christopher J. Bruno and Natasha R. Zimmerman, Bruno & Bruno, New Orleans, for plaintiff/appellant.
George R. Blue, Jr., Blue Williams, L.L.P., Metairie, for defendant/appellee.
Before SCHOTT, C.J., and PLOTKIN and WALTZER, JJ.
PLOTKIN, Judge.
Plaintiff Nora Walker appeals a trial court judgment granting a motion to strike her Supplemental and Amended Petition in favor of defendants Schwegmann Giant Super Markets, Inc. ("Schwegmann") and Michael Praytor, as well as a motion for summary judgment in favor of Michael Praytor. We reverse and remand.

Facts and procedural history
On January 23, 1993, Walker allegedly sustained serious injuries when she slipped and fell on a hot dog that was lying on the floor of an aisle of the Schwegmann Giant Super Market in Old Gentilly. As a result of her fall, Walker filed suit against Schwegmann on June 4, 1993. On February 28, 1994, Walker deposed Praytor, who was the manager of the Old Gentilly Schwegmann store. The next day, on March 1, 1994, Walker filed a Supplemental and Amended Petition adding Praytor as a defendant and requesting a trial by jury. On March 4, 1994, the trial court ordered the filing and service of the Supplemental and Amended Petition.
On April 21, 1995, more than a year after the filing of the Supplemental and Amended Petition, defendants Schwegmann and Praytor filed a motion to strike the Supplemental and Amended Petition and/or motion to strike the jury trial request; at the same time, Praytor filed a motion for summary judgment. On May 12, 1995, the trial court granted the defendants' motion to strike the Supplemental and Amended Petition, as well as Praytor's motion for summary judgment. Walker appealed.
Motion to Strike Supplemental and Amended Petition
La.C.C.P. art. 964, relative to motions to strike, provides as follows:
The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service.
Unquestionably, defendants' motion to strike the Supplemental and Amended Petition in the instant case was filed more than fifteen days after service of that Petition. Thus, defendants' motion to strike is untimely.
However, the defendants' motion to strike in this case was not filed to clean up a pleading by striking an insufficient demand or defense or to remove redundant, immaterial, impertinent, or scandalous matter. The motion to strike instead sought a rejection of Walker's Supplemental and Amended Petition in its entirety based on the allegations that Walker lacked good faith in filing the petition and that the petition constituted a vain and useless act. Defendants claim that Walker's sole purpose in filing the Supplemental and Amending Petition was to circumvent the time limitations for requesting a trial by jury.
"A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action." Adams v. New Orleans Blood Bank, Inc., 343 So.2d 363, 364 (La.App. 4th Cir.1977). However, because the "technical name given to a motion is ... of little importance," a motion to strike may be treated as an exception of no *986 cause of action. Id. See also Kelly v. U.S. Fid. & Guar. Co., 353 So.2d 349, 351 (La. App. 1st Cir.1977), where an untimely motion to strike a loss of consortium claim was treated as a peremptory exception of no right or cause of action.
Therefore, the defendants' untimely-filed motion to strike will be considered a peremptory exception of no cause of action. Such an exception is timely because it may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision. La.C.C.P. art. 928.

Exception of no cause of action
Generally, the amendment of pleadings "should be liberally allowed, providing the movant is acting in good faith; the amendment is not sought as a delaying tactic; the opponent will not be unduly prejudiced and trial of the issues will not be unduly delayed." Beard v. Circle K, Inc., 554 So.2d 825, 826 (La.App. 1st Cir.1989), citing Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981).
An exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception. La.C.C.P. art. 931. The exception tests the legal sufficiency of the plaintiff's petition. Roberts v. Sewerage & Water Board, 634 So.2d 341 (La.1994). Thus, the exception questions whether the law affords any remedy to the plaintiff under the allegations of his petition. Everything on Wheels Subaru v. Subaru South, Inc., 616 So.2d 1234 (La.1993). All well-pleaded allegations of the petition must be assumed as true, and any doubt should be resolved in favor of the petition. Kuebler v. Martin, 578 So.2d 113 (La.1991).
Defendants allege that Walker's Supplemental and Amended Petition was filed in bad faith, for the sole purpose of obtaining a jury trial by circumventing the time limitations imposed by law. Defendants' allegation of bad faith is based on its argument that the facts alleged in the petition are insufficient to support a cause of action against Praytor for personal negligence. In other words, defendants charge that Walker acted in bad faith by filing a claim against Praytor when she knew that she had no cause of action against Praytor personally. Thus, the issue for determining the exception of no cause of action in the instant case is whether the law affords Walker a remedy against Praytor, Schwegmann's employee, for his alleged negligence in causing Walker's injuries under the allegations of Walker's petition.
Generally, "an agent, officer or employee of a corporation may owe a duty to a third person which duty is a result of his employment relationship." Holmes v. Great Atlantic & Pacific Tea Co., 587 So.2d 750, 752 (La.App. 4th Cir.1991), writ denied, 592 So.2d 412 (La.1992), citing Canter v. Koehring Co., 283 So.2d 716 (La.1973). "That is, duties imposed on him by his employer, the breach of which causes injury to a third person, supports a cause of action against the employee." Id.
The factors for determining whether breach of a delegated duty by an employee gives rise to personal liability on the employee's part were established by the Louisiana Supreme Court in Canter, as follows:
1. The principal or employer owes a duty of care to the third person ..., breach of which has caused the damage for which recovery is sought.
2. This duty is delegated by the principal or employer to the defendant.
3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstanceswhether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon *987 the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.
283 So.2d at 721. To decide the exception of no cause of action in the instant case, we are required only to determine if the factual allegations support a cause of action against Praytor. We hold that they do.
The dispute between the parties regarding the application of the Canter factors relates only to the last two factors. The third Canter factor specifically requires that the defendant employee failed to discharge a duty imposed on him by his employer with the degree of care required by ordinary prudence, while the fourth Canter factor prohibits the imposition of personal liability upon an employee simply because of his general administrative responsibility for performance of some function of his employment, unless he knows or should know that the person to whom he has delegated the authority has performed it negligently.
Regarding the third Canter factor, Walker alleged in her Supplemental and Amended Petition that Praytor "failed to take appropriate measures to insure that the floor was kept in a reasonably safe condition to avoid hazards to shoppers." We find this allegation sufficient to state a cause of action based on the third Canter factor.
The fourth Canter factor is more difficult. In her Supplemental and Amended Petition, Walker alleges specific acts of negligence against Praytor such as failing to warn customers that other customers may eat in the store and failing to provide trash cans for customers to dispose of the food they are eating. Walker also alleges that Praytor failed to use reasonable and ordinary care to insure that the aisles of the store were kept free of foreign substances. In light of the judicial policy of favoring petitions and requiring that the facts stated in the petition be accepted as true in considering an exception of no cause of action, we find these allegations sufficient to meet the requirements for the fourth Canter criterion. The charges in the petition, if proven at trial, would be sufficient to hold Praytor personally liable to Walker under the Canter factors because of personal omissions to perform specific duties and/or to correct negligent acts of his subordinates of which he should have known.
Thus, Walker's petition states a cause of action against Praytor; Walker's Supplemental and Amended Petition was not filed in bad faith.
Motion to strike request for jury trial
Despite the fact that Walker's petition states a cause of action against Praytor, the motion to strike the jury trial filed by the defendant may still be granted if the amended pleadings constitute a vain and useless act. Whitney National Bank v. Jeffers, 573 So.2d 1262, 1265 (La.App. 4th Cir.1991). Amended pleadings are considered a vain and useless action when they add nothing new to the original pleadings concerning triable issues of fact. Id. Defendants allege that Walker's Supplemental and Amended Petition adds nothing new to her original petition, arguing that Walker merely rearranged her previous allegations for her Supplemental and Amended Petition.
We find no merit in the defendants' arguments on this issue. The fact that Walker's Supplemental and Amended Petition clearly adds an additional defendant by naming Praytor is sufficient to overcome the defendants' claim that the amendment is a vain and useless act. Even though Walker charged the new defendant with similar acts of negligence as were charged to the original defendant in the original petition, the addition of the new defendant adds a substantial element to the original petition. Walker's amendment adding Praytor as a defendant could be considered a vain and useless act *988 only if the allegations failed to support a cause of action against Praytor individually.
Thus, the defendants have failed to show grounds for striking Walker's request for trial by jury contained in her Supplemental and Amending Petition. Accordingly, the trial court judgment granting the motion to strike the jury trial is reversed; the jury trial is hereby reinstated.
Praytor's Motion for Summary Judgment
Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. Summary judgment is not intended to be used as a vehicle to circumvent a trial on genuine issues, even where it might appear to the court that the pleadings are frivolous and the party so pleading has little chance of success at trial. A party moving for summary judgment must prove two things: (1) that no genuine issues of material fact exist, and (2) that he is entitled to judgment as a matter of law. In deciding a motion for summary judgment, an appellate court must consider the evidence de novo, without regard for the trial court's decision.
In the present case, Praytor claims that he is entitled to summary judgment because the allegations in Walker's petition are in conflict with statements he made during his deposition. However, the fact that Walker's allegations are in conflict with Praytor's representations is sufficient in itself to defeat summary judgment because it shows that genuine issues of material fact remain to be determined. Walker claims that her injuries were caused in part by Praytor's individual negligence in failing to discharge his duties in a reasonable and prudent manner. Praytor claims that he fully discharged the duties delegated to him by Schwegmann to maintain a safe environment for customers at the Old Gentilly store and that he properly delegated these duties in a reasonable and prudent manner.
The resolution of this conflict may not properly be determined on motion for summary judgment. Whether a breach of a delegated duty by an employee gives rise to personal liability on his part may only be determined after trial on the merits and in accordance with the factors set out in Canter. Holmes, 587 So.2d at 752. Thus, Praytor is not entitled to summary judgment.

Conclusion
Accordingly, the judgments of the trial court granting the motion to strike and the motion for summary judgment are reversed. The jury trial is reinstated. The case is remanded for further proceedings consistent with this opinion. All costs of this appeal are to be paid by the defendants.
REVERSED AND REMANDED.