| iMURRAY, Judge,
dissenting with reasons:
I must respectfully dissent, because I find that the judgment at issue must be reversed under this court’s holding in Walker v. Schwegmann Giant Supermarkets, Inc., 95-1934 (La.App. 4th Cir. 3/14/96), 671 So.2d 983.
In Walker, the trial court granted the defendants’ motion to strike an amending petition in its entirety, based upon the argument that although it added a new defendant, it was filed solely to assert an untimely jury demand. This court first noted that because a motion to strike was not the proper means to obtain the dismissal of a claim, the defendants’ pleading would be treated as an exception of no cause of action. It was further stated that “the amendment of pleadings ‘should be liberally allowed, providing the movant is acting in good faith; the amendment is not sought as a delaying tactic; the opponent will not be unduly prejudiced and trial of the issues will not be unduly de *440 layed.’” Walker at p. 3, 671 So.2d at 986 (citations omitted). Considering these factors, this court found that the amended petition was properly filed: because it stated a cause of action against the newly added defendant, it could not be considered as being filed in bad faith. Furthermore, because the amended petition asserted an additional claim against a new defendant, the plaintiffs demand for a jury was timely and had to be reinstated.
The facts favoring amendment in the instant case are more compelling than those in Walker. No motion to strike or similar pleading has been filed to ^challenge the plaintiffs right to amend her petition. According to the record, the original defendants merely included a paragraph objecting to a jury trial in their answer to the amendment. The objection is not urged by the defendant being added to the suit, but by Shiflett Transport, its employee and its insurer, none of whom have standing to challenge the viability of the plaintiffs claim against Ryder Truck Rental, Inc. Even if these defendants were entitled to assert an exception of no cause of action, such an exception would have to be overruled based upon the factual allegations of the amending petition.
Additionally, although the majority emphasizes the length of time this suit has been pending, there is no indication in the record that this amendment has upset a trial date in the matter. To the contrary, Ms. Glover’s writ application No. 97-C-1790 indicates that the parties had agreed to a deadline of February 20, 1997 for the amendment of pleadings. Thus, this amending petition, filed January 27,1997, cannot be seen as imposing any undue delay in the proceedings.
Finally, I find the majority’s reliance on the denial of Ms. Glover’s prior writ application unpersuasive under these facts. As noted at page 7 of the opinion, the law of the case doctrine is discretionary and is not to be applied “so mechanically as to accomplish manifest injustice.” Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 331, 256 So.2d 105, 107 (1971). Despite my participation on that earlier writ panel, I am now convinced that the court below abused its discretion by not only rejecting plaintiffs jury demand, but dismissing her amending petition in its entirety. By affirming this decision, the majority holds that the passage of time outweighs Ms. Glover’s right to seek recovery from all parties who contributed to her injuries, which is manifestly unjust.