KRIS A. DUBOIS BEST
v.
ANTHONY FONTANA.
No. 09-153.
Court of Appeals of Louisiana, Third Circuit.
June 10, 2009.
Not Designated for Publication
KRIS A. DUBOIS BEST, in Proper Person, BART A. BROUSSARD, Attorney at Law, Counsel for Defendant-Appellee: Anthony Fontana.
Court composed of SAUNDERS, PICKETT, and PAINTER, Judges.
PAINTER, JUDGE.
Plaintiff, Kris A. Dubois Best, sued Defendant, Anthony Fontana, for legal malpractice. She now appeals the granting of Defendant's motion to strike her amended petition, which she filed after the granting of Defendant's exception of insufficient service of process. For the following reasons, we affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Defendant represented Plaintiff from September of 2002 until February of 2004, in a custody matter. Plaintiff was unsatisfied with this representation and filed a petition alleging legal malpractice and sexual harassment against Defendant on February 14, 2005. The petition included a handwritten notation initialed by Plaintiff to "Please hold service until further notice." The petition was not served until February 15, 2008, more than three years after suit was filed.
Defendant filed a motion to dismiss on the ground of abandonment along with a declinatory exception of insufficiency of service of process on the ground that Plaintiff failed to request service of process on Defendant within the time prescribed by La.Code Civ.P. art. 1201(c). The trial court granted the exception but denied the motion to dismiss on April 28, 2008.
On April 29, 2008, Plaintiff filed an amended petition alleging that the lawsuit had not been abandoned nor had it prescribed. Defendant filed a motion to strike which the trial court granted on September 15, 2008. Judgment was signed October 14, 2008. In that judgment, the trial court specifically stated that the original petition could not be amended as it was dismissed in connection with its prior granting of the declinatory exception.
On October 17, 2008, Plaintiff filed a motion for devolutive appeal seeking to appeal the "Judgment rendered in open court on September 15th, 2008 dismissing her case against Anthony Fontana." Thus, Defendant contends that the judgment granting his exception is a final judgment and that this appeal concerns only the judgment granting the motion to strike. We agree and, therefore, address only Plaintiff's arguments concerning the motion to strike and the assessment of costs.

DISCUSSION
Louisiana Code of Civil Procedure article 964 provides that: "The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter."
Defendant contends that the entire amended petition constitutes an insufficient demand in that it attempted to amend a petition that had been dismissed by a final judgment that had not been appealed. Plaintiff contends that the trial court erroneously held a hearing on Defendant's motion to strike as it had no basis in law.
We recognize that "[a] motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action." Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151, 1162 (La. 1988); see also, Bellah v. State Farm Fire and Cas. Ins. Co., 546 So.2d 601 (La.App. 3 Cir.1989), and Adams v. New Orleans Blood Bank, Inc., 343 So.2d 363 (La.App. 4 Cir.1977). However, we think that it is clear that the motion to strike was properly granted since, in this case, the complaint had already been dismissed. Plaintiff argues that the granting of the declinatory exception did not serve to dismiss her case and that she should have been given an opportunity to cure the defect.[1] However, this issue is not properly before us, and we note that the defect as to service of process could not be cured in this case. Plaintiff was free to file a motion for appeal of the judgment granting the exception; however, she chose not to do so and, instead, filed an amended petition.
Plaintiff argues that the trial court erred in assessing her with costs. She points out that the "legal advice" she received from personnel in the clerk of court's office caused her to sustain extra costs. However, this assertion is irrelevant to the issue at hand. We conclude that the award of costs in this case was not an abuse of the trial court's discretion.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform RulesCourts of Appeal. Rule 2-16.3.
NOTES
[1] However, see La.Code Civ.P. art. 1672(C), which provides:

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.