STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-289 & 21-290


ACADIANA RENAL PHYSICIANS, A MEDICAL CORPORATION, ET AL.

VERSUS

OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.
AND LAFAYETTE GENERAL MEDICAL CENTER, INC.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20202289
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.


REVERSED AND REMANDED.


Adam G. Young
Jason Alden Meade
Meade Young, LLC
556 Jefferson St., Ste 200
Lafayette, LA 70501
(337) 534-0200
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Acadiana Renal Physicians, A Medical Corporation
    Anthony Blalock
    Roderick Clark
    Akshey Gupta
    Melissa Harrington
    Maximo Lamarche
    Alfonso Lebron
    Juan Zeik

**Randall Kurt Theunissen**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1310**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Our Lady of Lourdes Regional Medical Center, Inc.**

**James H. Gibson**
**Stacy N. Kennedy**
**Gibson Law Partners, L.L.C.**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Lafayette General Medical Center, Inc.**

**PICKETT, Judge.**

The plaintiffs, Acadiana Renal Physicians, A.M.C., and its members, Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington, Maximo Lamarche, Alphonso Lebron, and Juan Zeik, appeal the judgment of the trial court striking two paragraphs from the amended petition filed by the plaintiffs and granting an exception of no right action against Acadiana Renal Physicians filed by Our Lady of Lourdes Regional Medical Center, Inc.[1]

## STATEMENT OF FACTS

Acadiana Renal Physicians (ARP) filed suit against Our Lady of Lourdes (OLOL) and Lafayette General Medical Center (LGMC) alleging violations of the Louisiana Monopolies Act, La.R.S. 51:121 et seq., the Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 51:1401 et seq., and damages for unjust enrichment. At issue is the failure of OLOL and LGMC to pay the nephrologists for on-call services at either hospital. The petition alleges that the hospitals exercise their monopsony power to deny on-call payments to nephrologists at either hospital. The petition alleges that other physician specialists receive on-call pay in Lafayette, and other localities pay nephrologists on-call pay. After the trial court granted an exception of vagueness, ARP filed an amended petition which

---

[1] Because the claims in this case include allegations of violation of anti-trust statutes, La.R.S. 51:135, which makes interlocutory judgments immediately appealable, is applicable. It states:

> All interlocutory judgments in the cases affected by this Part, and not otherwise provided for, shall be appealable within five days and shall be heard and determined within twenty days after appeal is lodged, and any interlocutory judgments not appealed, except those rendered during the progress of the trial, shall be final, and shall not be reopened on final appeal. Such appeals shall be on the original papers, on the order of the district judge, if a transcript cannot be prepared in time.

added the seven doctors who are shareholders in ARP as plaintiffs. OLOL and LGMC responded by filing various exceptions, including an exception of no right of action against ARP, an exception of no cause of action, and vagueness. OLOL also filed a motion to strike two paragraphs of the amended petition. Following a hearing, the trial court granted the exception of no right of action and the motion to strike two paragraphs of the amended petition and denied the remaining exceptions. ARP and the doctor plaintiffs filed an appeal of these interlocutory orders pursuant to La.R.S. 51:135.

## ASSIGNMENTS OF ERROR

ARP asserts two assignments of error:

1. The trial court abused its discretion in granting the Motion to Strike and striking paragraphs 34 and 37 from the First Amended Petition when those paragraphs contain entirely substantive statements regarding the basis for the Plaintiffs' LUTPA claim.

2. The trial court erred as a matter of law by sustaining the exception of no right of action as to ARP, when the First Amended Petition sets forth ample facts showing ARP has an interest in the subject matter of the litigation, and the Defendants/Appellants did not introduce any evidence to meet their burden of proof to show otherwise.

## DISCUSSION

The trial court granted OLOL's motion to strike two paragraphs of the pleading, paragraphs 34 and 37. Those paragraphs are in the section of the LUTPA claims brought by the plaintiffs, and state:

> 34. Plaintiff incorporates the facts set forth in the preceding paragraphs in extenso. These facts amount to violations of various laws that prohibit the remuneration of physicians for referrals to hospitals, including the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)), "Stark Law" (42 U.S.C. 1395, "Limitation on certain physician referrals"), as well as their Louisiana state law analogues, La. R.S. §46:438.2, "Illegal remuneration," La. R.S. § 14:70.5, "Fraudulent

2

remuneration," and La. R.S. § 37:1745, "Prohibition on patient referrals."

. . . .

37.  The system of call pay employed by the Hospitals, as described above offends the established public policy against payments to physicians for referrals to hospitals, and that policy is evidenced by the various laws criminalizing that conduct. I.e. if certain conduct is criminal it per se "offends established public policy."

OLOL claims these paragraphs are immaterial, inflammatory, and defamatory.

The trial court granted the motion in open court, stating:

I'm going to grant your motion.  If you can prove to me some day in the future . . .. that somebody committed a criminal act, I'll let you put that back in your petition.  But I think it is defamatory and I'm going to grant the Motion to Strike at this time.

In *Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 01-345, pp. 6-7

(La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, *writ denied*, 01-2115 (La. 7/26/01),

794 So.2d 834, (footnote omitted), this court discussed the standard for granting a

motion to strike allegations in a petition:

A motion to strike is provided for in La.Code Civ.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are viewed with disfavor and are infrequently granted. *Federal Deposit Ins. Corp. v. Niblo*, 821 F.Supp. 441 (N.D.Tex.1993). It is disfavored because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic. *Id.* A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiff's claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party.  *Id.* "A motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action." *Pitre v. Opelousas Gen. Hosp.*, 530 So.2d 1151, 1162 (La.1988); *see also, Bellah v. State Farm Fire and Cas. Ins. Co.*, 546 So.2d 601 (La.App. 3 Cir.1989) and *Adams v. New Orleans Blood Bank, Inc.*, 343 So.2d 363 (La.App. 4 Cir.1977).   A court must deny a motion to strike if there is any question of fact or law. *Federal Deposit Ins. Co.*, 821 F.Supp. 441.

We review a motion to strike pursuant to an abuse of discretion standard. *Pitre v. Opelousas Gen. Hosp.*, 530 So.2d 1151 (La.1988).

Our supreme court adopted a two-part test in *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 09-1633 (La. 4/23/10), 35 So.3d 1053, for establishing a LUTPA cause of action: (1) the person must suffer an ascertainable loss; and (2) the loss must result from – be caused by – another's use of unfair methods of competition and unfair or deceptive acts or practices. LUTPA is "broadly and subjectively stated and does not specify particular violations." *Levine v. First Nat'l Bank of Commerce*, 06-394, p. 20 (La. 12/15/06), 948 So.2d 1051, 1065. "[W]hat constitutes an unfair trade practice is determined by the courts on a case-by-case basis." *Id.* "[A] practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious." *Id.* To prevail on a LUPTA claim a plaintiff must "prove 'some element of fraud, misrepresentation, deception or other unethical conduct.'" *Cheramie Serv. Inc.*, 35 So.3d at 1059 (quoting *Dufau v. Creole Eng'g Inc.*, 456 So.2d 752, 758, *writ denied*, 468 So.2d 1207 (La.1985)).

These cases make clear that any alleged violation of LUTPA necessarily involves allegations of unflattering conduct on the part of the defendants. The plaintiffs in this case have alleged that certain behavior of OLOL and LGMC violate public policy because these practices violate federal or state laws. The trial court found that the plaintiffs did have a cause of action against OLOL and LGMC. We find the trial court erred in striking allegations which, if proven true by competent evidence at trial, would prove the breach of LUTPA as set out by the plaintiffs in their First Amended Petition. Further, the trial court's reasoning that he would allow the allegations to be returned to the petition if they were proven

cannot stand. If the allegations of paragraphs 34 and 37 are removed from the petition, the plaintiffs will not be able to introduce evidence related to those paragraphs because they will be deemed irrelevant. We find the trial court applied the incorrect standard to determine paragraphs 34 and 37 should be stricken from the petition, and we reverse the judgment of the trial court granting the Motion to Strike.

The supreme court set forth the standard for review of a trial court's judgment granting an exception of no right of action in *Rebel Distributors Corp., Inc. v. LUBA Workers' Comp.*, 13-749, p. 10 (La. 10/15/13), 144 So.3d 825, 833:

> An appellate court considering an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *See Hood v. Cotter*, 08-0215, 08-0237, p. 17 (La.12/2/08), 5 So.3d 819, 829. Where doubt exists regarding the appropriateness of an objection of no right of action, it is to be resolved in favor of the plaintiff. *Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System*, 456 So.2d 594, 597 (La.1984).
>
> The determination of whether a plaintiff has a legal right to bring an action raises a question of law, which requires de novo review. *See Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 06-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045; *Gibbs v. Delatte*, 05-0821, p. 6 (La.App. 1 Cir. 12/22/05), 927 So.2d 1131, 1135, *writ denied*, 06-0198 (La.4/24/06), 926 So.2d 548.

OLOL and LGMC argue that the doctors, not ARP, have a right of action to bring the claims alleged in the petition. They claim that only licensed physicians provide on-call services to the hospitals, not corporations. Further, they claim there is no privity of contract between ARP and the hospital defendants, and therefore no right of action. Finally, they argue that if both ARP and the individual doctors have a right of action, the plaintiffs could receive double recovery for the same loss.

5

Assuming the petition has stated a cause of action, we must determine if ARP, a corporation whose shareholders are also plaintiffs in this action, has a right to bring claims under LUTPA, the Monopolies Act, and under a theory of unjust enrichment. As each of these claims sounds in tort, and not contract law, privity of contract is not a requirement for ARP to assert a right of action. The defendants cite no authority for the proposition that the prospect of double recovery is a bar to a plaintiff having a right of action, and, as ARP's counsel explained at oral argument, it is his client's burden to prove the loss of each party and adequately explain in instructions to a jury how to quantify damages.

The petition of the plaintiffs states that all "any call pay due to any of the individual physician-shareholders would have been shared through ARP with all physician-shareholders." Thus, ARP has alleged an ascertainable economic loss as a result of the alleged conduct of the hospitals. Thus, ARP has a right of action, and the judgment of the trial court is reversed.

## CONCLUSION

The judgment of the trial court striking paragraphs 34 and 37 is reversed. The judgment of the trial court sustaining the exception of no right of action is reversed, and the exception is overruled. The case is remanded for further proceedings. Costs of this appeal are assessed equally between Our Lady of Lourdes and Lafayette General Medical Center.

**REVERSED AND REMANDED.**