|!ARMSTRONG, Judge.
Plaintiff Willie Cheatham (Cheatham) appeals from the dismissal of his suit against Dr. Aris Cox (Dr. Cox) on an exception of no cause of action. The issue for review is whether Dr. Cox was immune from civil suit by virtue of his status as a court appointed psychiatrist in a criminal prosecution against Cheatham.
In June 1986, Cheatham was convicted of second degree murder. We affirmed Cheat-ham’s conviction in State v. Cheatham, 519 So.2d 188 (La.App. 4th Cir.1987), 'writ den. 523 So.2d 228 (La.1988).
On November 13, 1991, Cheatham, proceeding pro se, filed suit against Dr. Cox. According to Cheatham’s petition, Dr. Cox served as a court appointed psychiatrist in Cheatham’s criminal conviction proceeding. Cheatham alleged that he was insane at the time he stood trial, and that Dr. Cox failed to inform the court of Cheatham’s condition. Specifically, Cheatham alleged that Dr. Cox bed about Cheatham’s condition, failed to evaluate Cheatham in a way that would be beneficial to Cheatham, failed to inform the court that Cheatham was under psychiatric evaluation, and failed to assist Cheatham in his time of need.
|2Pr. Cox filed an answer in which he asserted that he was operating under the appointment and direction of the criminal court at all times pertinent to Cheatham’s criminal prosecution, and that he was therefore immune from civil suit.
Cheatham amended his petition to allege that at the time of his criminal trial, Dr. Cox was “completely incompetent.” The basis of this additional allegation was a newspaper article which allegedly reported that Dr. Cox had been charged with writing fraudulent drug prescriptions and had entered a drug treatment program.
*324 Dr. Cox filed an exception of no cause or right of action arguing that as a court appointed psychiatrist in Cheatham’s criminal prosecution, he was an officer of the court under La.C.Civ.P. Art. 373, and was therefore immune from civil suit.
The trial court maintained Dr. Cox’s exception of no cause of action on April 15, 1994. In reasons for judgment, the trial court stated:
S.T.J. v. P.M., 556 So.2d 244 (La.App. 2nd Cir.1990) is an exhaustive analysis of the law pertinent to Defendant’s exception and it need not be repeated here. Rather than simply failing to state a cause of action, the petition affirmatively establishes that plaintiff has no cause of action and there is no need to allow an amendment.
Cheatham brought this appeal. We affirm. As the trial court noted in reason’s for judgment, Cheatham’s petition affirmatively establishes Dr. Cox’s immunity from suit.
In Charia v. Hulse, 619 So.2d 1099 (La.App. 4th Cir.1993), this court summarized the law with regard to exceptions of no cause of action as follows:
The exception of no cause of action must be decided on the face of the petition and no evidence may be introduced to support or controvert that exception. C.C.Pro. Art. 931. All well pleaded allegations of the petition and any annexed documents must be assumed as true, and any doubt should be resolved in favor of the petition. Kuebler v. Martin, 578 So.2d 113 (La.1991); Darville v. Texaco, 447 So.2d 473 (La.1984); Barnett v. Develle, 289 So.2d 129 (La.1974).
The exception tests the legal sufficiency of the petition. It questions whether the law affords any remedy to plaintiff under the allegations of her petition. Kuebler, supra; Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Holmes v. Great Atlantic & Pacific Tea Co., 587 So.2d 750 (La.App. 4th Cir.1991), unit denied, 592 So.2d 412 (La.1992).
The exception must be overruled if the petition states a cause of action on any ground or portion of the demand. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988).
Id. at 1100-1101 (footnote omitted).
Uln his exception of no cause of action, Dr. Cox relied on Cheatham’s petition to establish that he was a court appointed psychiatrist; Cheatham did not amend this portion of his petition, and he has never attempted to refute Dr. Cox’s status as a court appointed psychiatrist. Relying on his status as a court appointed psychiatrist, Dr. Cox argued that he was entitled to judicial immunity under La.C.Civ.P. Art. 373, which provides:
An expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the court from the time of his qualification until the rendition of final judgment in the case.
As the trial court noted in reasons for judgment, the immunity of court appointed psychiatrists under La.C.Civ.P. Art. 373 was addressed by the Louisiana Second Circuit in S.T.J., supra. In affirming the dismissal of suit against a court appointed psychiatrist, S.T.J. stated:
LSA-C.C.P. Art. 373 provides that an expert appointed to assist the court in the adjudication of a case through his special skill and knowledge is ‘an officer of the court from the time of his qualification until the rendition of a final judgment in the case.’ Clearly then, appointed psychologists are nonjudicial persons fulfilling quasi-judicial functions and are classified as officers of the court with functions intimately related to the judicial process. Hence, * * * they are entitled to absolute immunity protecting them from having to litigate the manner in which they perform those functions. Should they be found unprotected by such immunity, it can be envisioned that psychologists would seek to avoid future court appointments and that fear of civil liability could mar opinions and recommendations given to the court.
Id., 556 So.2d at 247 (citation omitted). See Doe v. Foti 634 So.2d 58 (La.App. 4th Cir. 1994) and Johnson v. Foti, 583 So.2d 1210 (La.App. 4th Cir.1991) in which this court supports S.T.J.’s conclusion that an “officer *325 of the court” has absolute immunity while performing a quasi-judicial function.
Cheatham fails to address La.C.Civ.P. Art. 373 and S.T.J., supra, in his appellate brief. Although Cheatham raises numerous arguments questioning Dr. Cox’s competency, motivation, and ethics, these arguments are merely an elaboration of the allegations set forth in Cheatham’s petition. Even if these allegations are accepted as true for purposes of resolving Dr. Cox’s exception, they would not divest Dr. Cox of immunity. Based on Cheatham’s .petition, the actions complained of occurred exclusively while Dr. Cox was fulfilling his quasi-judicial functions as a court appointed psychologist. Under these circumstances, Dr. Cox’s testimony as to Cheatham’s competency to stand trial cannot give 14rise to a cause of action in tort. S.T.J., supra; La.C.Civ.P. Art. 373. Accordingly, Cheatham’s petition cannot be amended to state a cause of action. La.C.Civ.P. Art. 934.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.