PEATROSS, J.
| ,In this action for damages, Plaintiff, Beth Palmisano, alleged that Defendant, Frank Tranchina, Jr., was liable for damages caused by him in his performance as the appointed special master over her divorce proceedings. In response to Ms. Palmisano’s petition for damages, Mr. Tranchina filed a peremptory exception of no cause of action asserting that he could not be sued for damages while acting in his capacity as special master in accordance with the Doctrine of Judicial Immunity. Agreeing with Mr. Tranchina’s argument of judicial immunity from suits for damages, the trial judge granted the exception of no cause of action and dismissed Ms. Palmisano’s claims with prejudice. Ms. Palmisano now appeals. For the reasons stated herein, we affirm.

FACTS

In 2004, Ms. Palmisano instituted divorce proceedings in St. Tammany Parish[1] against her husband, Joseph Palmisano, III. The trial judge presiding over the matter appointed Frank Tranchina, Jr. as “special master” over the matter, specifically for the purpose of advising the court wdth regard to issues involving the parties’ community property. Once appointed as special master, Mr. Tranchina made recommendations to the court with regard to the legal status, value and proposed division of the parties’ property. During Mr. Tranchina’s appointment as special master, the parties engaged in considerably lengthy litigation which, as previously stated, ultimately resulted in Ms. Palmisano’s decision to file suit against |2Mr. Tranchina seeking to recover damages she claimed to have suffered as a result of his having exceeded the scope of his authority as special master. Mr. Tranchina filed an exception of no cause of action asserting judicial immunity, which was granted by the trial court. This appeal ensued.

DISCUSSION

In Ms. Palmisano’s sole assignment of error, she challenges the trial judge’s conclusion that Mr. Tranchina is judicially immune from suit. Specifically, she claims that the trial judge erred in failing to hold that she did not have a legally cognizable claim against Mr. Tranchina to recover damages caused by him in his capacity as special master over her divorce proceedings. In support of her argnnent, Ms. Palmisano alleges that, soon after he was appointed as special master, Mr. Tranchi-na personally involved himself in expanding his role in the parties’ community property partition. Ms. Palmisano claims that Mr. Tranchina spoke to an individual, without her permission, about refinancing *545 certain property for the purpose of securing his own interest in the community property. Ms. Palmisano claims that Mr. Tranchina’s actions impeded her ability to secure her own funding. She further claims that Mr. Tranchina threatened to list her property for sale without her consent.
Ms. Palmisano additionally argues that Mr. Tranchina failed to comply with the provisions of La. R.S. 13:4165 by billing the parties’ community an unreasonable and exorbitant fee of more than $27,000 for his work and for the work of his assistant, Mr. Greg Verges, C.P.A. Ms. Palmi-sano also complains that Mr. Tranchina indicated that he would |;{not consider her attorney’s fee interest without the filing of a petition for intervention. When her attorney filed the petition for intervention, however, Mr. Tranchina stated to the trial court that the filing created a conflict of interest between Ms. Palmisano and her attorney, in spite of the fact that it was Mr. Tranchina who prompted the filing in the first place. Furthermore, Ms. Palmi-sano also claims that she was forced to undergo lengthy and expensive legal proceedings as a result of Mr. Tranchina’s actions.
It is Ms. Palmisano’s position that Mr. Tranchina is not entitled to judicial immunity because his objectionable actions were outside of the scope of his judicial capacity and, therefore, are not covered by the Doctrine of Judicial Immunity. In summary, Ms. Palmisano complains that Mr. Tranchina’s lack of professionalism and misuse of his role as special master in these proceedings for his own financial gain caused irreversible damage to her person and property.
We are not persuaded by Ms. Palmisa-no’s argument. La. R.S. 13:4165 provides for the appointment of special masters:
A. Pursuant to the inherent judicial power of the court and upon its own motion and with the consent of all parties litigant, the court may enter an order appointing a special master in any civil action wherein complicated legal or factual issues are presented or wherein exceptional circumstances of the case warrant such appointment.
B. The order appointing a special master may specify or limit the master’s powers. Subject to such specifications or limitations, the master has and shall exercise the power to regulate all proceedings before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties.
C. (1) The court may order the master to prepare a report upon the matters submitted to him and, if in the course of his duties |4he is required to make findings of facts or conclusions of law, the order may further require that the master include in his report information with respect to such findings or conclusions.
(2) The report shall be filed with the clerk of court and notice of such filing shall be served upon all parties.
(3) Within ten days after being served with notice of the filing of the report, any party may file a written objection thereto. After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. If no timely objection is filed, the court shall adopt the report as submitted, unless clearly erroneous.
D. The master’s compensation shall be reasonable, fixed by the court, and taxed as costs of court.
In Marrogi v. Howard) 01-1106 (La.1/15/02), 805 So.2d 1118, the Louisiana Supreme Court addressed the issue of ab *546 solute judicial immunity from civil suit in the context of court appointed experts:
In S.T.J. v. P.M., 556 So.2d 244 (La.App. 2nd Cir.1990), the court held that three psychologists appointed by the court during a custody dispute to evaluate an allegation of sexual abuse of a minor were entitled to absolute judicial immunity from any tort liability asserted in a subsequent suit filed by the losing parent. The court reasoned that the appointed professionals were non-judicial persons fulfilling quasi-judicial functions and, pursuant to La. Code Civ. Proc. art. 373, are classified as officers of the court with functions intimately related to the judicial process. Therefore, such court-appointed experts are entitled to absolute judicial immunity, as are judges, protecting them from having to litigate the manner in which they perform these functions. The court opined, “Should they be found unprotected by such immunity, it can be envisioned that psychologists would seek to avoid future court appointments and that fear of civil liability could mar opinions and recommendations given to the court.” (Internal citations omitted).
See also Todd v. Angelloz, 02-1400 (La.App. 1st Cir.3/28/03), 844 So.2d 316.
|sIn the case sub judice, Ms. Palmisano has two specific complaints with regard to Mr. Tranehina’s actions which she claims were outside of the scope of his duties as special master: (1) he charged an unreasonable fee of $27,000 for his services and (2) he made inappropriate comments to the trial judge concerning a purported conflict of interest between Ms. Palmisano and her attorney.
As indicated by La. R.S. 13:4165, the special master’s recommendations and fee must be approved by the trial judge, which they were in this case. If Ms. Palmisano finds that she disagrees with the trial judge’s approval of the special master’s fees and recommendations, the appropriate course of action would be to object to the trial judge’s ruling approving the recommendations and fee, followed by a contradictory hearing, the outcome of which is appealable should she disagree with the final ruling. La. R.S. 13:4165.
Additionally, as asserted by Mr. Tran-china, Ms. Palmisano also has the option of filing a complaint with the judiciary commission if she believes the special master has acted inappropriately or outside the scope of his appointment. Since Mr. Tranchina is a court-appointed expert performing in a quasi-judicial capacity and is entitled to absolute judicial immunity, Ms. Palmisano does not, however, have the option of filing a civil action for damages against him when she disagrees with his recommendations and/or fee as approved by the trial judge. Marrogi v. Howard, supra; Todd v. Angelloz, supra; S.T.J. v. P.M., supra.
| fiIn summary, we find that the trial judge properly maintained Mr. Tranchina’s exception of no cause of action and, therefore, affirm that ruling.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Beth Palmisano.
AFFIRMED.

. The judges of the Louisiana Supreme Court transferred this case to the Second Circuit Court of Appeal for consideration after the First Circuit Court of Appeal entered an order recusing themselves from the matter.