JAMES F. McKAY III, Chief Judge.
|,Gail F. Pesses, MSW, LCSW is a licensed social worker in the state of Louisiana. On October 25, 2010, Ms. Pesses was appointed by Judge Paula Brown of the Civil District Court for the Parish of Orleans to prepare a custody evaluation in connection with a pending divorce action between Donny Anderson Faust and Sheri Sport Faust.[1] On March 11, 2011, Ms. Pesses sent her written evaluation to Judge Brown and the attorneys for the parties. Thereafter, the parties entered into a consent judgment regarding the custody of the children.
On July 6, 2012, Mr. Faust filed a petition for damages for malpractice against Ms. Pesses. Mr. Faust alleged that Ms. Pesses improperly and negligently made a number of conclusions in her report and that she exceeded the scope of her appointment by the court. On October 15, 2013, Ms. Pesses filed a motion for summary judgment, contending that under Louisiana law, court-appointed experts are entitled to absolute immunity from suit for claims arising out of their service as an expert. The motion for summary judgment came before the trial court on November 22, 2013, at which time the trial court orally granted the motion. On 1 {.December 19, 2013, the trial issued a written judgment confirming its earlier ruling. It is from this judgment that Mr. Faust now appeals.
On appeal, Mr. Faust contends that the trial court committed legal error in granting summary judgment in favor of Ms. Pesses because disputed issues of material fact continue to exist with respect to whether or not Ms. Pesses is entitled to judicial immunity.
An appellate court reviews the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. See Jones v. Buck Kreihs Marine Repair, L.L.C., 2013-0083, p. 1 (La.App. 4 Cir. 8/21/13), 122 So.3d 1181,1183.
Under Louisiana law, the “summary judgment procedure is favored and shall be construed, as it was intended, to secure the just, speedy and inexpensive determination of most actions.” Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195. Summary judgment shall be rendered forthwith if there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. Taylor v. Rowell, 98-2865, p. 3 (La.5/18/99), 736 So.2d 812, 814; Azreme, Corp. v. Esquire Title Corp., 98-1179, p. 5 (La.App. 5 Cir. 3/30/99), 731 So.2d 422, 425-426.
The standard for summary judgment no longer encompasses a presumption in favor of trial on the merits. Hutchinson v. Knights of Columbus, 2003-1533, p. 5 (La.2/20/04), 866 So.2d 228, 234. Once the motion for summary judgment has *922 been properly supported by the moving party, the failure of the non-moving party [ 310 produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
Louisiana Code of Civil Procedure Article 373 states: “An expert appointed by a trial court to assist it in the adjudication of a case in which his special skill and knowledge may aid the court is an officer of the court from the time of his qualification until the rendition of final judgment in the case.” Such court-appointed experts are entitled to absolute judicial immunity, as are judges, protecting them from having to litigate the manner in which they perform these functions. See S.T.J. v. P.M., 556 So.2d 244, 247 (La.App. 2nd Cir.1990); See generally Marrogi v. Howard, 2001-1106 (La.1/15/02), 805 So.2d 1118. The case of Todd v. Angelloz, 2002-1400 (La.App. 1 Cir. 3/28/03), 844 So.2d 316 is very similar to the instant case. In Todd, the First Circuit makes clear that a court-appointed expert is entitled to absolute immunity from suit, whether or not the recommendations in her report exceeded the scope of her appointment. Id., p. 8, 844 So.2d at 320. Numerous other decisions have recognized the absolute immunity afforded to court-appointed experts by dismissing tort actions against them. See American LifeCare, Inc. v. Wood, 2002-1354, p. 2 (La.App. 4 Cir. 8/28/02), 826 So.2d 646, 648; Cheatham v. Cox, 94-1022, p. 3 (La.App. 4 Cir. 8/30/94), 642 So.2d 323, 324-325; Palmisano v. Tranchina, 44,948, p. 5 (La.App. 2 Cir. 1/27/10), 31 So.3d 543, 546.
In the instant case, Mr. Faust filed a lawsuit seeking damages from Ms. Pess-es, alleging that she was acting as a court-appointed expert, she made | .¡improper findings and recommendations in the report she submitted to the court. In response, Ms. Pesses moved for summary judgment based on the absolute immunity afforded by La. C.C.P. art. 373. Her motion was supported by her affidavit and other exhibits. Thereafter, Mr. Faust failed to produce evidence of a material factual dispute and the trial court properly granted summary judgment.
Louisiana law is clear and unambiguous that a court-appointed expert enjoys absolute immunity from suit for services provided pursuant to that appointment. Accordingly, we affirm the trial court’s granting of summary judgment.
AFFIRMED
TOBIAS, J., concurs in the result.

. Sheri Sport Faust v. Donny Anderson Faust, Docket No. 09-10064