JjBYRNES, Judge.
This case arises from a collision between an automobile driven by the plaintiff, Sandra Glover, and an eighteen-wheel tractor-trailer driven by the defendant, Alton Lee Burnett, on June 20, 1989, at Louisiana Avenue and Tchoupitoulas Street, in New Orleans. The truck was leased by Burnett’s employer, Shi-flett Transport Services, Inc., from Ryder Truck Rentals, Inc. Plaintiffs original petition asserted that the negligence of the defendant, Alton Burnett, was the sole cause of the collision. She alleged that Burnett was acting in the course and scope of his employment at the time of the accident and joined Burnett’s employer, Shiflett Transport Services, Inc., as an additional defendant under the theory of respondeat superior. Plaintiffs original petition was filed on August 24, 1989. This original petition did not name Ryder Truck Rentals, Inc. as a defendant.[1]
LOn January 24, 1990, the plaintiff filed a “First Amended Petition” naming Shiflett’s *437 insurer, Truck Insurance Exchange, as an additional defendant, but did not name Ryder. The trial court granted leave to file this petition on January 25,1990.
On May 29, 1991, plaintiff filed a “Second Amended Petition” adding allegations of negligence against Burnett, as well as a claim for past medical expenses, and a request for a jury trial. Ryder was not named in this second amended petition. The trial court granted leave to file this second amended petition on May 31,1991.
On June 10, 1991, Judge Yada Magee signed an order granting a jury trial.
Plaintiff acknowledges in her “Memorandum In Support Of Motion And Order For Trial By Jury” filed in the trial court on March 13, 1997, that the defendant filed a motion to strike the jury on the ground that the plaintiffs second amended petition was a subterfuge to obtain a jury. The trial court rendered a judgment[2] dated May 26, 1996, striking the jury and the second amended petition. Plaintiff applied to this Court for supervisory relief which was denied on November 18, 1996, in unpublished proceedings No. 96-C-2262 (La.App. 4 Cir. 11/18/96). In so doing this Court held:
We find no error in the trial court’s ruling. No new grounds were alleged in the second amending petition which would entitle relator to a trial by jury.
On January 27, 1997, the plaintiff filed a “Third Amended Petition” adding Ryder Truck Rental, Inc. as an additional defendant, alleging that:
| .-¡Ryder negligently failed to install either a mirror mounted near the right front fender of the subject truck, or a down-view mirror mounted on the right hand door of the truck, both of which would have removed the alleged blind spot to the right of the truck that Mr. Burnett testified to in deposition.
The trial court signed an ex parte order on January 28, 1997 granting plaintiff leave to file her third amended petition. The defendants jointly filed an answer to this Third Amended Petition alleging:
That the third amended petition was filed, as a subterfuge for attempting to subvert the Court’s prior Order striking the jury in this suit and thus the plaintiff is not entitled to a trial by jury in this suit.
On July 18, 1997, the trial court signed a judgment denying plaintiffs motion for a jury trial and decreeing that, “the leave which was granted for the filing of the amended petition without the benefit of a contradictory hearing is withdrawn and this case shall proceed as a judge trial.” When the trial court withdrew leave to file the third amended petition it had the effect of dismissing Ryder from the suit.
On August 15,1997, plaintiff filed an Application for Supervisory writs to this Court on the jury trial issue which was denied by this Court in unpublished opinion No. 97-C-1790 (La.App. 4 Cir. 11/18/97). Plaintiff applied to the Louisiana Supreme Court for review of that decision of this Court. That application was denied. No. 97-CC-3152 (La.2/20/98); 709 So.2d 777.
Plaintiff contends that the dismissal of Ryder from this litigation as a result of the refusal by the trial court and this Court to allow her to file the third amended petition means that the trial court judgment of July 18, 1997 could be considered a partial final judgment requiring an immediate appeal rather than ^supervisory relief. Therefore, in addition to plaintiffs aforementioned supervisory writ application denied by this Court on November 18, 1997, the plaintiff brought this appeal in order not to forfeit rights of review based on some technical failure to pursue the proper procedural remedy.
Plaintiff raised essentially the same issues as she raises in this appeal in her writ application already disposed of by this Court in 97-C-1790, supra, with the exception of an additional assignment of error, raised in the writ application, but not raised as an issue on this appeal:
*438 Once a lower court grants a motion to amend, the lower court has no discretion or authority on its own motion to subsequently withdraw such permission to file.
As previously noted, the trial court initially granted the plaintiff leave to file her third amended petition joining Ryder as an additional defendant, but subsequently revoked that leave to amend. However, as the plaintiff did not raise as an issue in connection with this appeal the fundamental authority of the trial court to revoke leave to amend once granted, it shall not be considered.
As an answer had been filed in response to plaintiffs original petition, LSA-C.C.P. art. 1151 provides that the plaintiff may amend her petition “only by leave of court or by written consent of the adverse party.” The trial court after initially granting leave to plaintiff to file her third amended petition, withdrew that authority. As noted immediately above, plaintiff does not on this appeal contest the general procedural authority as a matter of law of the trial court to revoke its previously granted leave to amend. Instead, plaintiff argues that it was error for the trial court to do so under the facts of this ease. The decision to disallow an amendment under LSA-C.C.P. art. 1151 is within the discretion of the trial judge | sand that decision should not be disturbed on appeal unless there has been an abuse of the broad discretion vested in the trial court. Carter v. Safeco Ins. Co., 435 So.2d 1076, 1081 (La.App. 1 Cir.1983). The exercise of the broad discretion of the trial court in matters of amendment to pleadings is measured against the policy in Louisiana of liberality in permitting amendments. Id. In plaintiffs favor we must add to the policy of allowing amendments liberally, the policy favoring the allowance of jury trials.
Although Carter may be distinguished because the plaintiff waited until after the trial on the merits before seeking authority to amend, it is still aptly analogous to the instant case because the Carter court focused most on the plaintiffs two and one-half year delay in seeking the amendment, stating:
Amendment at this time would not serve any legitimate purpose other than to give plaintiff access to an additional source of funds that plaintiff delayed seeking from the beginning.

Id.

We find this reasoning in Carter equally applicable to the instant case.
In 1996 the Louisiana legislature amended Civil Code Art- 2323 to require the trier of fact to assign a percentage of fault to all persons causing or contributing to the injury, regardless of whether or not that person is a party to the action. Plaintiffs counsel alleges that in January, 1997, anticipating that the amendment may be held to be retroactive, as it in fact was in Keith v. United States Fidelity & Guaranty Company, 96-2075 (La.5/9/97); 694 So.2d 180, he investigated whether there may be any fault on the part of Ryder that would require its joinder. Plaintiff retained an expert who in January of 1997 formed the opinion that the Ryder truck lacked both a fender mirror and a down-view mirror |6that would have eliminated the blind spot that plaintiff contends was a contributing cause of the accident. Plaintiff also contends that the mirrors were available and inexpensively and easily installed. Therefore, plaintiff contends that the failure of Ryder to have such mirrors installed on the truck it leased to Shiflett Transport Services, Inc. was contributory negligence. Accordingly, plaintiff sought to file the third amended petition adding Ryder as an additional defendant.
The filing of plaintiffs third amended petition in January of 1997 occurred over seven years after the accident. Even if the Ryder rental truck was not conspicuously designated as such, plaintiff knew or should have discovered Ryder’s relationship to the truck years before the attempt to file the amended petition. Plaintiff expresses the concern that if she is not permitted to amend at this time, she “will forfeit a portion of her recovery if Ryder is found more than fifty percent at fault at trial.” However, plaintiffs expressed concern that Ryder’s negligence may be more than a fifty percent cause of the accident is impossible to reconcile with plaintiffs failure to investigate and join Ryder for over seven years. It would be most unusual for a plaintiff to fail to join a readily *439 available potentially deep pockets corporate defendant if that plaintiff sincerely believed that there was even a remote chance that such a defendant was the predominant cause of her injuries. Therefore, the trial court did not abuse its discretion when it decided to revoke the plaintiffs authorization to file the amended petition.
Additionally, the issues raised in this appeal were previously raised in plaintiffs unsuccessful writ application in proceedings No. 97-C-1790. The denial |7of relief to the plaintiff in connection with her writ application is the law of this case:
Under the “law of the case” doctrine an appellate court will not reconsider its rulings of law on a subsequent appeal in the same case. The doctrine applies to all decisions of an appellate court, not just those arising from appeals. [Citations omitted.] Nonetheless, the doctrine is discretionary and not applicable in cases of palpable former error or where application would cause manifest injustice. [Citations omitted.]
In re M.W., 93-1809 (La.App. 4 Cir. 6/30/94); 641 So.2d 582, 584.
As we have already found that the proper exercise of the trial court’s discretion to refuse plaintiff the right to assert her third amended petition in these proceedings is supported by plaintiffs delay of over seven years, it follows that the denial of plaintiffs writ application cannot be palpable former error. Nor has the plaintiff shown where, under the facts of this case, application of the “law of the case” doctrine would cause manifest injustice. Accordingly, there is no reason to deviate from the decision already reached by this Court when it denied plaintiffs writ application in 97-C-1790, supra.
Walker v. Schwegmann Giant Supermarkets, 95-1934 (La.App. 4 Cir. 3/14/96); 671 So.2d 983, is inapposite for several reasons. In Walker there had been no prior writ review of the appellate issues as there is in the instant case. In | ¿Walker there was nothing like the seven year delay in filing the amended petition that we find in the instant case. Implicit in the Walker decision is that the timing of the filing of the amended petition was not unreasonable. Implicit in the decision of the trial court in the instant ease is a finding that plaintiffs delay in filing the third amended petition was unreasonable. In the instant case the trial court had already permitted plaintiff to file an amended petition in January of 1990. In Walker the amended petition before the court was plaintiffs first attempt at amending her petition and it was filed less than eight months after the filing of the original petition. In Walker this court noted that the amended petition was filed for the purpose of adding a party defendant the very next day after deposing that party. There is nothing in Walker that would suggest untimeliness or delay. Everything in the instant case suggests unreasonable delay and untimeliness. Moreover, in Walker this Court did not consider the discretion of the trial court to permit or deny amendments as we have done in the instant case.
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.

MURRAY, J., dissents.

. The record is very sketchy and suffers from many omissions of documents pertinent to the procedural history of the case. However, as the parties are not contesting the procedural history of the case, the gaps in the record can be pieced together from facts uncontested and acknowledged by both parties. For example, although the answer to the original petition is not in the record, we may safely assume that such an answer was timely filed.

. A copy of this judgment does not appear in the record of this appeal, but can be found in the writ package which has been retained by this Court in unpublished proceedings No. 96-C-1790 (La.App. 4 Cir. 11/18/97).