769 So.2d 137 (2000)
John TSATSOULIS d/b/a Market Cafe
v.
CITY OF NEW ORLEANS.
No. 99-CA-2544.
Court of Appeal of Louisiana, Fourth Circuit.
August 30, 2000.
*138 Michael G. Stag, Stuart H. Smith, David Scott Maldow, Sacks & Smith, New Orleans, LA, Counsel for Plaintiffs/Appellants-In-Intervention.
Mary E. Howell, Howell & Snead, New Orleans, LA, Counsel for Plaintiff-Appellee.
Evelyn Pugh, Deputy City Attorney, Deborah L. Wilson, Chief Deputy C.A., Mavis S. Early, City Attorney, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge PHILIP C. CIACCIO, Pro Tem.
ARMSTRONG, J.
This is an appeal from a judgment denying leave to intervene. At the time of the attempted intervention, the case into which the appellants sought to intervene had already been settled and terminated by means of a consent judgment. Apparently, the trial court denied the intervention upon the ground that there was no pending action into which to intervene. We affirm.
The same issue has been brought before us previously in this same case by the same parties in an application for supervisory writs. We denied that writ application, No. 99-C-0773, with the following language:
We find no error in the trial court's ruling. One may intervene only in a "pending" action, La.Code Civ. Proc. art. 1091, and not in an action that is already concluded. Accordingly, relator's application for supervisory writs is denied.
We believe that our above-quoted ruling should be regarded as the law of the case and applicable to the present appeal.
The appellants argue that the law of the case doctrine is not applicable because our prior decision was rendered in a supervisory writ proceeding rather than in an appeal. However, we have held that the law of the case doctrine applies to all prior decisions of an appellate court, including decisions rendered on supervisory writ applications, and not just to decisions on prior appeals. E.g. Glover v. Shiflett Transport Services, 97-2787 (La.App. 4 Cir. 5/6/98), 718 So.2d 436, 439, writ denied, 98-2576 (La.11/25/98), 729 So.2d 578; In re M. W., 93-1809 (La.App. 4 Cir. 6/30/94), 641 So.2d 582, 584. See Easton v. Chevron Industries, Inc., 602 So.2d 1032, 1038 (La.App. 4th Cir.) writs denied, 604 So.2d 1315, 1318 (La.1992).
Of course, if we merely deny a writ application, without considering the substance of the issue raised, simply because we do not believe that the situation is appropriate for our exercise of our supervisory jurisdiction, then there is no "decision" as to that issue to be given effect as the law of the case. See Henry v. Ford Motor Co., 519 So.2d 845, 847 (La.App. 4th Cir.1988). See also Sattar v. Aetna Life Ins. Co., 95-1108 (La.App. 4 Cir. 3/20/96), 671 So.2d 550, 552, writ denied, 96-1324 (La.6/28/96), 675 So.2d 1130. However, in the present case, we did decide the issue presented by the prior writ application and *139 exactly the same issue is presented by the present appeal.
We do have discretion not to apply the law of the case doctrine in cases in which there was palpable error in the prior decision and in cases in which manifest injustice would result. Glover, supra; In re M.W. supra; "This court generally applies the `law of the case' doctrine when reviewing an issue decided [previously] on supervisory writs as part of the appeal of the case following a trial on the merits, except when it finds either that the previous decision is based on palpable error or that manifest injustice would result." Zatarain v. WDSU-Television, Inc., 95-2600 (La.App. 4 Cir. 4/24/96), 673 So.2d 1181, 1186 (citation omitted). We understand Richmond v. Dow, 97-1492 (La.App. 4 Cir. 4/1/98), 712 So.2d 149, 152, cited by appellants, and also Tolis v. Board of Supervisors, 95-1529 (La.10/6/95), 660 So.2d 1206 (per curiam), also stand for the proposition that, if an issue has been decided previously on supervisory writs, the court of appeal has discretion not to apply the law of the case doctrine in cases of palpable error in the prior decision or if manifest injustice would result.[1]
There is no palpable error in our decision on the appellants' prior supervisory writ application and considering our prior decision to be the law of the case will not result in any manifest injustice. To the contrary, our prior decision is perfectly correct. One may intervene only in a "pending" action, La.Code Civ. Proc. art 1091, and not in an action that is already concluded. Nothing in our prior decision on appellants' supervisory writ application, and nothing in this present decision, precludes the appellants from bringing their own, original action, raising the issues they sought to raise by intervention.
To summarize: (1) If the court of appeal merely declines to exercise its supervisory jurisdiction, because it feels that the situation is not appropriate for such exercise (e.g. the issue is better raised for the first time by appeal from a final judgment), and does not decide the substance of the issue raised by the writ application then there is no "decision" as to that issue to be given effect as the law of the case. (2) If the court of appeal does decide the substance of an issue raised by an application for supervisory writs, then that decision will be given effect later as the law of the case just as if that decision had been rendered upon an appeal. (3) In cases where the law of the case doctrine is applicable, the court of appeal nevertheless has discretion not to apply the law of the case doctrine if the prior decision was palpably erroneous, or in order to avoid manifest injustice.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] We note that, under Tolis, if the court of appeal's prior decision on a writ application resulted in a final, as opposed to interlocutory, judgment by the court of appeal, then the court of appeal's judgment is given res judicata effect rather than effect as the law of the case.