1TERRI F. LOVE, Judge.
This case involves a petition to revive a judgment filed by the plaintiff, Salt Domes, Inc. At a hearing, the trial court sustained the defendant’s exception of no right of action as to Salt Domes, Inc. and dismissed the matter in its entirety. Additionally, the trial court denied Salt Domes Partnership’s motion to intervene and to file an amending petition substituting the partnership for the corporation, as the proper party plaintiff in the revival action. The defendant, Salt Domes Partnership (known hereinafter as “Salt Domes Partnership”), now files this appeal.

FACTS AND PROCEDURAL HISTORY

In 1985, a money judgment was rendered in favor of Salt Domes, Inc. and against Villere Food Group, Inc., Pierre G. Villere, and Myriam R. Villere, in solido, in the amount of $22,000 together with legal interest at the rate of eighteen percent (18%) per annum from October 14, 1981 until paid in addition to twenty-five percent (25%) of the principal’s attorney’s fees and all costs associated with the proceedings. In 1994, Salt Domes, Inc. filed a petition to revive a money judgment. Service was not effected until 1998. Salt Domes Inc. filed for and was ^granted a default judgment in 1999. In 2001, My-riam R. Villere filed an ex parte motion to dismiss the revival action alleging abandonment, which was granted by the trial court. Salt Domes, Inc. subsequently filed a motion for new trial, which was denied by the trial court. Salt Domes Partnership subsequently filed a motion for leave of court to intervene and file a supplemental and amending petition seeking to intervene as proper party plaintiff in the matter, which was denied by the trial court. As a result, the matter was dismissed, with prejudice. Salt Domes Partnership now files this appeal. We affirm the trial court’s judgment for the following reasons.

ASSIGNMENT OF ERROR ONE

Salt Domes Partnership argues the trial court erred when it sustained the defendant’s exception of no right of action without allowing the plaintiff time to amend the petition and when it denied Salt Domes Partnership’s motion for leave to intervene and for leave to file a supplemental and amending petition to substitute Salt Domes Partnership as the proper party in the revival action.
The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. Thomas v. State of Louisiana, 545 So.2d 632 (La.App. 4th Cir.1989). When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. In re G.E.T., 529 So.2d 524 (La.App. 1st Cir.1988). The exception does not raise the question of the plaintiffs ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155 (La.App. 1st Cir.1992).
La.C.C. art. 24 defines a juridical person as:
*1113 A juridical person as an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.
La.C.C. art. 3501 provides:
A money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken it is prescribed by the lapse of ten years from the time the judgment becomes final.
Salt Domes Partnership asserts the transfer agreement effectively transferred all of the assets owned by Salt Domes Inc. including “the assumption by the partnership of all of the corporation’s liabilities and obligations.” Salt Domes Partnership argues that right to revive the money judgment was included in the transfer of corporation’s assets and rights associated with those assets.
The defendant, Myriam Villere, argued in her exception of no right of action that Salt Domes Inc.’s voluntary dissolution of the corporation in 1988 definitively terminated its’ existence as a juridical person. This court notes that Salt Domes Inc. was a Delaware corporation doing business in Louisiana and was voluntarily dissolved according to laws of Delaware.
Under Delaware’s corporations law, the assets along with the rights and obligations of the dissolved corporation shall, be transferred to the newly formed partnership or entity within three years time from the date of dissolution of the corporation. A review of record reveals that the assets and rights and obligations of Salt Domes Inc. were timely transferred the newly formed Salt Domes Partnership.
14At the hearing on the matter, the trial court responded to these contentions in the following manner:
Court: We are past the assertion of the claim. We’re at judgment. I would agree that that (sic) may the claims, the right to assert. This case had gone to judgment. A judgment had been recorded and had been recorded for years. And it is now time for it to revive the judgment again. And we’re past the claims stage.
Plaintiffs Counsel: But your Honor, the Code of Civil Procedure requires that party bring an action to revive the judgment. That’s the claim. Because if you don’t bring that claim, the claim being, I want to continue the judgment.
Court: But it wasn’t done in the partnership’s name.
Plaintiffs Counsel: There’s no doubt about that, your Honor. But what I’m saying is the Fourth Circuit and the Supreme Court has allowed, in the light of an exception, just like being brought here, for the substitution of the proper party plaintiff.
Court: But the problem I’ve got with it is that you knew who the proper party plaintiff was ever since 1988 when they were dissolved, as far as I know ... But these people have known since at least 199-1988 who the proper person was because you made the transfer. I’m going to grant the Exception of No Right of Action.
Ms. Villere also pointed out at the hearing that Salt Domes Partnership never filed anything in the trial court until the motion to intervene and it never sought to substitute itself as proper party plaintiff until fourteen years after Salt Domes Partnership acquired the right to revive this judgment.
*1114 La. C.C.P. art. 2031, which governs money judgments, states:
A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
In the instant case, Salt Domes, Inc. voluntarily dissolved in 1988. A petition to revive the money judgment was filed by Salt Domes, Inc. in 1994. However, Salt Domes Inc. was neither the proper party nor an [¡interested party, as provided in La.C.C.P. art. 2031, because it was legally non-existent as a corporation. Now, Salt Domes Partnership attempts to enforce the judgment some fourteen years after it assumed the right to do so and consequently after the right has prescribed.
We find that although the right to enforce the money judgment action was transferred from Salt Domes Inc. to Salt Domes Partnership in the transfer agreement, Salt Domes Partnership does not have a viable right of action against Myriam Villere, because it failed to exercise this right within the time limits prescribed under La. C.C. art. 3501. Furthermore, we find that prescription is not interrupted when a non-existent corporation files a petition to revive a money judgment. Thus, the trial court did not err in granting Myriam Villere’s exception of no right of action.

ASSIGNMENT OF ERROR TWO

In the second assignment of error, Salt Domes Partnership argues the trial court erred when it dismissed the case, with prejudice. Specifically, the plaintiffs argue that should this Court decide that the trial court did not err in granting defendants’ exception of no cause of action then we should find that the trial court erred in not allowing plaintiffs to amend their petition.
La.C.C.P art. 1151 allows the amendment of a pleading at any time before the answer is served. After the answer is served, the petition and answer “may be amended only by leave of court or by written consent of the adverse party.” La.C.C.P. art. 1151. The decision to disallow an amendment under La.C.C.P. art. 1151 is within the discretion of the trial judge and that decision should not be 1 ¡¡disturbed on appeal unless there has been an abuse of the broad discretion vested in the trial court. Glover v. Shiflett Transport Services, Inc. et al., 1997-2787, p. 4 (La.App. 4 Cir. 5/6/98), 718 So.2d 436, 438.
As previously noted, Salt Domes Partnership did not seek to substitute itself into the action until eight years after it filed a petition to revive the money judgment and fourteen years after it acquired the right to enforce such a judgment. During this period of time, Salt Domes Partnership never sought to revive the money judgment in its name. By the time Salt Domes Partnership attempted to substitute itself into the action as the proper party plaintiff in 2002, the right to revive the money judgment had prescribed in 1995. Therefore, even if we find that the trial court erred when it denied Salt Domes Partnership’s motion to amend its petition and intervene in the action as proper party plaintiff, the subsequent substitution of Salt Domes Partnership as proper party plaintiff would not cure the obvious prescription of the right to revive the money judgment. We simply cannot ignore Salt Domes Partnership’s failure to substitute itself into this action as proper party plaintiff for fourteen years. Most importantly, a trial court has broad discretion on the issue of whether to allow amendment of a petition after the time for *1115 doing so has expired. Therefore, we will not disturb the trial court’s ruling denying the plaintiffs motion to amend the petition.
Based on Salt Domes Partnership’s failure to substitute itself into the action fourteen years after it acquired the right to enforce such action, we do not find that the trial court erred in denying the plaintiffs motion to substitute itself as proper |7party plaintiff and to amend the petition. Hence, we affirm the trial court’s judgment granting defendant’s exception of no cause of action, dismissing plaintiffs’ claims.
AFFIRMED.