883 So.2d 459 (2004)
WORLD TRADE CENTER TAXING DISTRICT
v.
ALL TAXPAYERS, PROPERTY OWNERS, AND CITIZENS OF WORLD TRADE CENTER TAXING DISTRICT and Nonresidents Owning Property or Subject to Taxation therein, et al.
No. 2004-CA-1365.
Court of Appeal of Louisiana, Fourth Circuit.
September 1, 2004.
Gary J. Elkins, Richard T. Traina, Jordan B. Monsour, Elkins, P.L.C., New Orleans, LA, for Plaintiff/Appellee, World Trade Center Taxing District.
Fred L. Chevalier, Raedtha A. Vasquez, Jones Walker Waechter Poitevent Carrere & Denegre, LLP, Baton Rouge, LA, and Russ M. Herman, Steven J. Lane, Soren E. Gisleson, Herman, Herman, Katz & Cotlar, LLP, and Kenneth M. Carter, Kenneth M. Carter, PLC, New Orleans, LA, for Appellee, WTC Development, LP.
Robert S. Angelico, Cheryl M. Kornick, K. Todd Wallace, Liskow & Lewis, New Orleans, LA, for Greater New Orleans Hotel and Lodging Association.
Joseph R. Ward, Jr., Ward & Condrey, L.L.C., Covington, LA, for Ronnie J. Theriot.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR., Judge ROLAND L. BELSOME).
DAVID S. GORBATY, Judge.
The Greater New Orleans Hotel and Lodging Association ("Hotel Association") and Ronnie J. Theriot, intervenors in the captioned litigation, appeal a judgment of the trial court denying in part their motions for new trial.[1] For the following reasons, we remand.

*460 LEGISLATIVE BACKGROUND:
Acts 2002, 1st Ex.Sess., No. 47, was enacted by the Louisiana legislature relative to cooperative economic development, to provide for tax increment financing in certain local governmental subdivisions, to authorize the creation of economic development districts within and by such local governmental subdivisions, to authorize increases in ad valorem, sales, and hotel occupancy taxes in such districts, and to provide for related matters.
Louisiana Revised Statute 33:9038.21 A[2] provides for the creation of the World Trade Center Taxing District ("Taxing District"), a special taxing district and political subdivision of the State. The legislation was enacted to provide for cooperative economic development among the City of New Orleans ("the City"), the World Trade Center ("WTC"), the Taxing District and WTC Development, Limited Partnership ("WTCD"), to provide for the renovation, restoration, and development of the property in the City which is known as the World Trade Center, and to implement a lease between the WTC and WTCD. La. R.S. 33:9038.21 C.
One of the rights and powers of the Taxing District is to enter into a cooperative endeavor with the State and its political subdivisions, and to, in its own name and on its own behalf, incur debt and to issue bonds, notes, certificates and other evidences of indebtedness. La. R.S. 33:9038.21 E(4) and (7), respectively.
To provide funds for the purposes of the Taxing District, La. R.S. 33:9038.21 F(1) authorizes it, acting by and through its board of commissioners, to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the district. The tax rate shall be at least equal to the aggregate rate of all such taxes levied and collected within the parish of Orleans by the State, local governmental subdivisions, and other political subdivisions or special taxing districts. The legislature specifically recognized that without the accomplishment of the purposes of the Taxing District there would be no collection of a hotel occupancy tax by any taxing authority within the district. Thus, if the Taxing District elects to levy and collect the tax authorized, such levy shall be deemed to supersede and be in lieu of any other tax on hotel occupancy within the district except for any such tax which is based on a per head or per person basis. La. R.S. 33:9038.21 F(4).
Louisiana Revised Statute 33:9038.21 G provides:
(1)(a) The district may issue revenue bonds payable from an irrevocable pledge and dedication of up to the full amount of hotel occupancy tax increments, in an amount to be determined by the district, to finance or refinance any project or projects, or parts thereof, which are consistent with the purposes of the district. A hotel occupancy tax increment shall consist of that portion of the hotel occupancy tax revenues collected by the district in an amount determined by the board of commissioners and which is in lieu of other such taxes levied by other taxing authorities.
(b) Dedication of hotel occupancy tax increments to pay the revenue bonds, shall not impair existing obligations of *461 the district and shall not include tax revenues previously dedicated by the district for a special purpose.
(2) The district may pledge the taxes collected under the authority of this Section to any financing of the WTC property in furtherance of the purposes of the district. Such financing could include, but shall not be limited to loans, mortgages, the issuance of bonds, or the issuance of certificates of indebtedness.

PROCEEDINGS BELOW:
On February 17, 2004, the Taxing District filed a Motion for Judgment[3] in the Civil District Court pursuant to La. R.S. 13:5124.[4] According to the statute, upon filing of the motion, the court enters an order requiring publication of the motion two times within fifteen days from date of the issuance of the order. The court must specify the dates of publication, the first of which shall not be later than eight days from and after the date the order issued. The order shall also set forth the date of the hearing on the motion, which date shall be included in the publication. The date shall be at least ten days, but not more than thirteen days after the second publication.
The trial court ordered the publication on February 21 and February 23, the Saturday and Monday before Mardi Gras, and set the hearing on the motion for March 5. On March 1, the WTCD filed an answer to the Motion for Judgment, supporting the motion and praying that judgment be entered as prayed for by the Taxing District.
Following a hearing, a judgment was rendered March 15, ordering judgment in favor of plaintiffs as prayed for, recognizing that all statutory requirements had been fulfilled, and declaring the decree to be forever binding and conclusive as to the validity of the Agreement between the Taxing District and WTCD. The judgment further declared the validity, legality, effectiveness and enforceability of Acts 2002, 1st Ex.Sess., No. 47, the validity and legality of the underlying processes, and the validity of all matters adjudicated, operating as a permanent injunction against the institution by any person or any action or proceeding contesting such matters adjudicated or which might have been called in question in such proceedings.
On March 19, the Hotel Association filed a motion to intervene, with an accompanying motion for expedited hearing. Theriot filed a motion to intervene and motion for new trial on March 22. A hearing on the motions was set for March 24.[5] On that date, the trial court rendered judgment granting the Hotel Association and Ronnie Theriot leave to intervene. On March 25, the Hotel Association filed its own motion for new trial, which the trial court set for hearing on April 6.
Following the trial court's March 24 judgment, the Taxing District filed a notice of its intention to seek a supervisory writ from this Court, and for a stay of the trial court proceedings. The trial court set a return date and stayed the proceedings in the court below. The writ application was lodged with this Court on April 6 and a disposition was handed down May 19, finding no abuse of the trial court's *462 discretion, and thereby denying the Taxing District's writ.
This Court based its decision on the fact that La. R.S. 13:5121, et seq., was controlling, and La. R.S. 13:5126 specifically provided "[a]ny property owner, taxpayer, citizen, or other person in interest may become a party to said proceedings by pleading to the motion within seven days after the second publication thereof, or thereafter by intervention upon leave of court. ..." The Court reasoned that "[g]iven the expedited nature of the validation procedure, the legislatively expressed intent to provide an equitable process with regard for the public fisc and rights of interested parties, plus the procedural exclusivity language in La. R.S. 13:5122, it appears that the legislature implemented La. R.S. 13:5126 to vest the trial court with discretion as to intervention to safeguard the rights of interested parties. There is no time limitation as to intervention expressed in La. R.S. 13:5126. Additionally, there is no case law on point to confirm or negate the foregoing conclusion."
Following the ruling of this Court, a hearing on the motions for new trial was set for June 22. According to an order issued by the trial court on July 8, at the June 22 hearing, the trial court granted a new trial in part, allowing the intervenors to address, in brief only, the constitutionality of La. R.S. 33:9038.21, as raised in their memoranda in support of the motions for new trial.[6] The Court refused to hear any new evidence, but allowed intervenors to proffer evidence pursuant to La.Code Civ. Proc. art. 1636. Briefs were due on July 6.
On July 2, Theriot filed a notice of intent to seek supervisory writs and a request for a stay of the proceedings. The trial court denied the stay and set a return date of July 22. Mr. Theriot's writ application was denied by this Court on July 16.
Intervenor, the Hotel Association, filed its brief on July 6; however, it attached proffered evidence to the briefs. The trial court issued an order striking the brief in its entirety, and giving the Hotel Association until July 12 to file a brief in conformity with the previous orders of the court.
On July 19, the trial court issued its ruling on the constitutionality of La. R.S. 33:9038.21, finding that intervenors failed to prove by clear and convincing evidence that the statute was unconstitutional. The court then adopted its prior ruling of March 5 in its entirety as the judgment of the court.
This appeal followed.

DISCUSSION:
In its first assignment of error, the Hotel Association[7] avers that the trial court violated its due process rights in granting a new trial without allowing the introduction of any additional evidence or the cross-examination of prior testimony. Specifically, the Hotel Association argues that because it did not receive actual notice of the hearing, it is entitled to a full and complete new trial, not one limited to argument only.
The Hotel Association claims that the trial court clearly recognized that the Hotel Association's right to due process was violated when the Taxing District failed to provide actual notice of the hearing, despite knowing that certain parties were opposed to the validation of the bond issue.
*463 In response to the Hotel Association's argument, the Taxing District first argues that the prior ruling of this Court denying Mr. Theriot's writ application on the judgment denying a completely new trial constitutes the law of the case. As such, this Court should not revisit the issue. The Taxing District relies on Tsatsoulis v. City of New Orleans, 99-2544 (La.App. 4 Cir. 8/30/00), 769 So.2d 137, in support of its position, claiming that this Court held "that the law of the case doctrine applies to all prior decisions of an appellate court, including decisions rendered on supervisory writ applications."
In Tsatsoulis, this Court entertained an appeal of a denial of a motion to intervene. The underlying case had been settled and compromised, terminating the litigation. This Court held that its prior ruling on the writ application, rendered after consideration of the merits of the writ application, was the law of the case, and would not be reconsidered on appeal. The denial of the prior writ application in the instant case was based "on the showing made," clearly indicating that the panel did not find sufficient evidence in the writ application upon which to rule on the merits. Further, this Court indicated that it "presently" found no indication of abuse of discretion, implying that further actions of the trial on the issue could be considered. Thus, the prior ruling does not invoke the law of the case doctrine.
In oral reasons, the trial court stated, "[a]fter considering the arguments and the briefs of Counsel, this Court is of the opinion that fundamental fairness dictates that a new trial at the very least in part is warranted. The Court does not believe that by granting a new trial and allowing the interested parties who have successfully intervened will not [sic] subject the World Trade Center Tax District to an unfair advantage, but rather place all parties on equal footing."
Louisiana Code of Civil Procedure art. 1973 enables a trial court to grant a new trial if, in its discretion, the trial court determines there are good grounds therefor. We agree with the Hotel Association that the trial court clearly recognized that a substantial injustice would result if intervenors were not allowed a new trial. The only possible basis for the trial court's decision was that it believed the Hotel Association had not received adequate notice of the hearing. Despite this conclusion and the trial court's statement that it desired "to place all parties on equal footing," the trial court refused to give the Hotel Association a full new trial. Rather, it limited the new trial to argument (in brief form) on constitutional challenges only, and refused to allow the introduction of any new evidence. We find this ruling to be an abuse of the trial court's discretion, particularly in light of the statement in the trial court's corrected reasons for judgment that "this Court concludes that Intervenors have failed to clearly and convincingly show that La. R.S. 33:9038.21 is unconstitutional." The trial court's conclusion begs the question: how can one clearly and convincingly make a showing of unconstitutionality without being allowed to introduce evidence?
In Lamb v. Lamb, 430 So.2d 51, 53 (La.1983), the Supreme Court explained that a proper application of La.Code Civ. Proc. art. 1973 "necessitates an examination of the facts and circumstances of the individual case. When the judge is convinced by his examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. We have recognized that the court has much discretion regarding this determination. However, this court will not hesitate to set aside the ruling of the trial judge in *464 a case of manifest abuse." [citations omitted.]
The trial court allowed the proffer of evidence intervenors claimed supported their positions. Ordinarily, in the interest of judicial economy, if a court of appeal renders a decision reversing a trial court, the court of appeal is mandated to review the facts, evidence and law and render a new judgment. Gonzales v. Xerox Corp., 320 So.2d 163, 165 (La.1975). This mandate, however, is premised on the appellate court having all of the facts before it. In the instant case, the trial court allowed both parties to proffer evidence for this Court to review should we decide it was error for the trial court to deny a full new trial. However, we note that the trial court did not allow the litigants to cross-examine each other's witnesses, and offer such cross-examination testimony as proffered evidence. As such, the Hotel Association was not allowed to cross-examine John Keeling, the Taxing District's economist, nor was the Taxing District allowed to cross-examine Mr. Theriot and the other witnesses the Hotel Association wished to call in support of its position. We find the denial of cross-examination particularly disturbing in light of the fact that the trial court relied on Mr. Keeling's testimony adduced at the first trial to support its finding that La. R.S. 33:9038.21 is constitutional.
Accordingly, we find the trial court abused its discretion in granting only a limited new trial, and remand this matter for further proceedings.
REMANDED.
ARMSTRONG, C.J., respectfully dissents for the reasons assigned by Judge CANNIZZARO.
CANNIZZARO, J., dissents with reasons.
I respectfully dissent from the majority opinion. In their motions for a new trial the appellants argued that La. R.S. 33:9038.21 is either unconstitutional as written or as applied. They asked for a new trial for the purpose of challenging the constitutionality of the statute. They also urged that they would be denied due process of law if they were not allowed to challenge the statute's constitutionality.
The trial court found that "fundamental fairness dictates that a new trial at the very least in part is warranted." The trial court granted the motions for a new trial but limited the new trial to the issue of the constitutionality of La. R.S. 33:9038.21. The trial court held that the issue would be considered only on briefs and that no new evidence would be adduced at trial.
In their assignment of errors on appeal, the appellants contend that the trial court violated their due process rights in granting a new trial without allowing the introduction of any additional evidence or the cross-examination of prior testimony. The appellants have, however, proffered the additional evidence that they wanted to introduce at the trial. I do not think that the trial court judge erred in granting a new trial to the limited extent that she did. This Court has all of the arguments and the evidence that the appellants presented to the trial court. I do not find that the appellants' inability to cross-examine the appellee's witnesses at trial has denied the appellants due process. The appellants moved for a new trial solely on the basis that there were constitutional issues that they wanted to address, and the trial court afforded the appellants the opportunity to address those issues. I find no error in the trial court judgment.
*465 The issue of the constitutionality of La. R.S. 33:9038.21, enacted by Act 47 of the First Extraordinary Session of the Louisiana Legislature of 2002, and the validity of the Cooperative Endeavor Agreement between the World Trade Center Taxing District and WTC Development Limited Partnership can be determined from the record that is now before us. Therefore, I am of the opinion that this Court should decide this case on the merits rather than remanding it to the trial court.
NOTES
[1] Appellants also assign as error the trial court's rulings on various constitutional issues. However, because we find merit in the first assignment of error, we do not reach the constitutional issues.
[2] Acts 2002, 1st Ex.Sess., No. 47, enacted La. R.S. 33:9038, 33:9039 and 33:9040, which sections were redesignated as La. R.S. 33:9038.21, 33:9038.22 and 33:9039.23, respectively, and designated as Part III of Chapter 27, pursuant to the statutory revision authority of the Louisiana State Law Institute.
[3] The caption on the motion was identical to the caption for this appeal, and, thus, named the same parties.
[4] The Taxing District can avail itself of La. R.S. 13:5121, et seq., by virtue of La. R.S. 33:9038.8 K.
[5] The Orleans Parish School Board filed a motion to intervene on March 24, for which leave was granted by the trial court ex parte.
[6] The judgment was apparently rendered on June 29, but is not contained in the record on appeal.
[7] Appellant, Ronnie J. Theriot, has adopted in its entirety the brief filed by the Hotel Association. As such, reference to the Hotel Association includes Mr. Theriot's arguments.