| JAMAL MILLER | * | NO. 2023-C-0777 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CHRISTOPHER RIDEAUX, | * | |
| FRISCHHERTZ ELECTRIC | | FOURTH CIRCUIT |
| COMPANY, INC., AND THE | * | |
| GRAY INSURANCE | | STATE OF LOUISIANA |
| COMPANY, INC. | * * * * * * * | |

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-04717, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Karen K. Herman)

**BELSOME, J., CONCURS IN PART AND DISSENTS IN PART.
HERMAN, J., CONCURS IN PART AND DISSENTS IN PART FOR THE REASONS ASSIGNED BY JUDGE BELSOME**

Daryl A. Gray
Eric A. Wright
Corrie R. Gallien
WRIGHT & GRAY
201 St. Charles Avenue
Suite 3206
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFF/RELATOR

David P. Salley
James G. Albertine, III
SALLEY, HITE, MERCER, & RESOR, LLC
365 Canal Street
Suite 1710
New Orleans, Louisiana 70130

      COUNSEL FOR DEFENDANTS/ RESPONDENTS

          **WRIT GRANTED IN PART; DENIED IN PART
JANUARY 10, 2024**

.

Plaintiff/Relator, Jamal Miller ("Relator"), seeks supervisory review of the district court's October 18, 2023 and November 15, 2023 judgments, which denied his motions for leave to amend and supplement his petition for damages to add direct negligence claims and a loss of consortium claim, respectively. For the reasons set forth below, we grant the writ in part and deny it in part.

**FACTS AND PROCEDURAL BACKGROUND**

On June 2, 2021, Relator filed a petition for damages, against, among others, Defendants/Respondents, Christopher Rideaux ("Mr. Rideaux") and Frischhertz Electric Company ("Frischhertz") (collectively "Respondents"), alleging that he sustained personal injuries when the vehicle he was driving was involved in an accident with a vehicle driven by Mr. Rideaux. In his petition, Relator averred that at the time of the alleged accident, Mr. Rideaux was in the course and scope of his employment with Frischhertz. Relator's original petition pled a cause of action against Mr. Rideaux for negligence and against Frischhertz for vicarious liability

1

and respondeat superior as to Mr. Rideaux's negligence. On August 21, 2023, Relator filed a motion for leave to amend and supplement his petition to add new causes of action against Frischhertz for direct negligence—negligent hiring, supervision, training and entrustment claims ("direct negligence motion to amend"). Respondents opposed this motion, arguing that the district court should not grant Relator's direct negligence motion to amend because it was filed after the court ordered deadline to amend pleadings—August 1, 2023. After hearing arguments of counsel, in a judgment dated October 18, 2023, the district court denied Relator's direct negligence motion to amend.

On October 13, 2023, Relator also filed a motion for leave to amend and supplement his petition to add a loss of consortium claim for his wife's damages that she sustained because of his accident and injuries ("loss of consortium motion to amend"). In a judgment dated November 15, 2023, the district court likewise denied Mr. Miller's loss of consortium motion to amend.

## DISCUSSION

This Court, in *Wadick v. Gen. Heating & Air Conditioning, LLC*, set forth the standard of review for rulings on amendments of a pleading as follows:

> The governing statutory provision is La. C.C.P. art. 1151, which allows the amendment of a pleading at any time before the answer is served. After the answer is served, the petition "may be amended only by leave of court or by written consent of the adverse party." La. C.C.P. art. 1151.8 "[W]hen there is no written consent by the adverse party, it is within the sound discretion of the [district] court to permit or refuse to permit an amendment to the petition." *Vidrine v. Carmouche*, 422 So.2d 1327, 1331 (La. App. 3rd Cir.1982). The decision to permit or to refuse to permit leave to amend under La. C.C.P. art. 1151 should not be disturbed on appeal unless there has been an abuse of the [district] court's broad discretion. *Salt Domes,*

*Inc. v. Villere Food Group, Inc.*, 03-0185, pp. 5-6 (La. App. 4 Cir. 9/24/03), 857 So.2d 1110, 1114 (citing *Glover v. Shiflett Transport Services, Inc*., 97-2787, p. 4 (La. App. 4 Cir. 5/6/98), 718 So.2d 436, 438).

\* \* \*

The jurisprudence has identified the following relevant factors that [district] courts consider in determining whether to permit or to refuse to permit leave to amend: the length of time since the original petition was filed; if either a discovery cutoff date or trial date or both have been set; the length of time before the scheduled trial date; the number of prior amendments; if the amended pleading is factually connected to the original petition; if the amended petition asserts new factual allegations; and if the opposing party has relied to its detriment on the original pleadings. 2 Judge Steven R. Plotkin and Mary Beth Akin, *Louisiana Civil Procedure*, Article 1151 (2013) (collecting cases).

14-0187, p. 10 (La. App. 4 Cir. 7/23/14), 145 So.3d 586, 593-94.

### *October 18, 2023 judgment*

In its October 18, 2023 judgment, the district court denied Relator's direct negligence motion to amend, and in its written reasons for judgment stated:

[T]he motion to amend is clearly late based on the latest pre-trial order in this case. The parties had a deadline of August 1, 2023 for the filing of supplemental, amending, and incidental demands. The motion to amend was not filed until August 21, 2023. Additionally, the Court finds that the amending of the petition to bring a direct negligence claim against the employer would be prejudicial to the defendants because it was done after the deposition of the employer's 1442 representative had already been taken. The defendants, along with the 1442 representative, had prepared for that deposition believing that the only claim against the employer would be the vicarious liability claim.

In his writ application, Relator contends that the district court abused its discretion by denying his direct negligence motion to amend. Relator argues that his independent causes of action for Frischhertz's direct negligence were not discovered until after the 1442 corporate depositions of Frischhertz's representatives and employees took place. Relator posits that but for the corporate 1442 depositions, he would not have known of Frischhertz's actions which gave

rise to his claims of negligent hiring, training, supervision, and entrustment. Thus, Relator contends that the district court erred in finding that Respondents would be prejudiced by granting his motion because Frischhertz's 1442 corporate depositions had already taken place. We find Relator's argument to have merit.

Review of the record reveals that on March 27, 2023, Relator filed a motion to compel depositions against Respondents, seeking an order to compel Frischhertz to respond to his requests to take the 1442 corporate depositions of individuals employed by Frischhertz. Respondents opposed this motion and argued that Relator did not articulate a basis for deposing eight of Frischhertz's employees. After a hearing on the motion to compel, the district court rendered judgment on May 16, 2023, granting in part and denying in part Relator's motion. The district court ordered Frischhertz to produce four of its employees to be deposed. Additionally, the scope of the depositions was limited to: (1) the deponent's personal knowledge of the June 9, 2020 accident; (2) the driving history of Mr. Rideaux at Frischhertz; and (3) the service history of the vehicle driven by Mr. Rideaux at the time of the accident.

The court-ordered deadline for filing supplemental, amending and incidental demands was August 1, 2023. Frischhertz did not produce its corporate representatives for depositions until August 9, 2023, eight days after the deadline for filing supplemental and amending petitions. It was not until the 1442 depositions of Frischhertz's employees, which were the subject of the motion to compel, that Relator discovered the potential claims of negligent hiring, training,

4

.

supervision and entrustment that arose out of the same conduct, transaction, or occurrence as the accident at issue alleged in the original petition. After this discovery, Relator sought to amend his petition by filing a direct negligence motion to amend in the district court. Respondents opposed this motion, arguing that Relator provided no legal nor evidentiary support to allow an amendment of the pleadings after the court-ordered deadline had passed. Respondents further alleged that Relator was attempting to utilize unfair and prejudicial tactics by waiting until after the 1442 corporate depositions of Frischhertz to make independent allegations of fault against it.

Considering that: (1) Frischhertz was compelled to produce its corporate representatives for depositions after the deadline for the filing of supplemental, amending and incidental demands; (2) Relator did not know nor could have known that these claims existed before the 1442 corporate depositions of Frischhertz's employees; and (3) discovery deadlines have not yet expired, we find the district court abused its discretion in failing to allow Relator to assert direct negligence claims against Frischhertz. Accordingly, we grant the writ in part as to the October 18, 2023 judgment, reverse the district court's ruling and grant Relator leave to amend his petition to assert direct negligence claims against Frischhertz.

### *November 15, 2023 judgment*

As to the November 15, 2023 judgment, Relator argues that the district court abused its discretion in failing to grant his loss of consortium motion to amend. Relator contends that this new claim he sought to assert was not cognizable until

5

after Mrs. Miller's deposition. This deposition was taken on October 9, 2023, and revealed that Mrs. Miller sustained extensive loss of consortium due to her husband's accident and resulting injuries. Relator further contends that Respondents either knew or should have known of the existence of Mrs. Miller's substantial loss of consortium; as such, an amendment to add Mrs. Miller as a new party and assert this claim is not prejudicial to Respondents. Respondents opposed this motion and argued that Relator's attempt to amend his petition after the court-ordered deadline had passed, and after the deposition had been taken, to add an additional party and assert a new claim was indeed prejudicial to Respondents.

The district court, in denying the loss of consortium motion to amend, reasoned:

> The Court finds that the wife likely knew about any damages she sustained since at least before the deadline for filing amended pleadings had passed. Additionally, the Defendant has brought up concerns about how this loss of consortium claim could be a backdoor [sic] for getting the Plaintiff's lost wages and earnings capacity claim back into this case even though those claims were dropped already. Finally, the Court finds that it would be prejudicial to the Defendants to have the Plaintiff add in a claim for a new individual just one month before discovery cutoff.

We find no error in the district court's ruling. Review of the record shows that Relator's suit was filed over two years before the deadline for filing supplemental, amending and incidental demands. As such, Relator knew or should have known that his wife had a loss of consortium claim well before her deposition took place. Accordingly, as to the request for supervisory review of the November 15, 2023 judgment, we deny the writ.

6

.

**WRIT GRANTED IN PART; DENIED IN PART**